[No. 13493. Department One. July 29, 1916.]

D. L. WOODS, *Respondent*, v. NETHERLANDS AMERICAN
MORTGAGE BANK, *Appellant*.[1]

MORTGAGES—FORECLOSURE—REDEMPTION FROM SALE—RENTS — AC-
COUNTING—STATUTES. Under Rem. & Bal. Code, § 600, providing that,
upon the redemption of farming land, the purchaser or his tenant
in possession shall be entitled to reimbursement for his work and
labor, a purchaser who received one-third of the crop from his ten-
ant is not entitled to an item of $50 as an expenditure for looking
after and selling the crop, where nothing was actually paid out or
expended by him.

SAME—RIGHTS OF TENANT—OPTION—POSSESSION OR PAY — STAT-
UTES. Under Rem. & Bal. Code, § 600, providing that upon the re-
demption of farming land, between the 1st day of April and the 1st
day of December, the purchaser or his tenant in possession shall be
entitled to reimbursement for his work and labor or the right to
retain possession until the 1st day of December following, he has
the option to demand the money or hold possession until the 1st day
of December next following the date of redemption, in case of re-
demption between April 1 and December 1 of the current year; but
when the crop has been removed, and he has done fall plowing for
the next season, he is entitled to reimbursement only, and cannot
hold until December 1 of the following year.

[1]Reported in 159 Pac. 123.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered August 5, 1916, in favor of the plaintiff, upon stipulated facts, in an action for an accounting. Modified.

*Charles P. Lund*, for appellant.

*Merritt, Lantry & Merritt*, for respondent.

Ellis, J.—Action for an accounting upon redemption from a foreclosure sale of real estate, pursuant to Rem. & Bal. Code, § 600. The cause was tried upon stipulated facts embraced in the court's findings in substance as follows: Defendant held a mortgage upon certain farm lands which it foreclosed, making the owner of the real estate and the plaintiff herein defendants. At the foreclosure sale, the land was purchased by defendant herein and certificate issued July 18, 1914. After the sale, defendant leased the land for the remainder of that year and for the following year, defendant to receive for the current year one-third of the volunteer crop then growing on the land, and agreeing to pay the tenant $1.50 per acre for fall plowing in case of a redemption preventing the tenant from occupying the land for the following year. On November 24, 1914, plaintiff herein served upon defendant and the sheriff notice of his intention to redeem on December 5, 1914. On November 28, 1914, plaintiff made written demand upon defendant for a sworn statement of the rents, profits and expenditures realized and paid out by defendant while in possession, as provided by statute. On December 3, 1914, pursuant to this notice, defendant furnished a sworn statement showing that it had received for its one-third of the volunteer crop upon the land for the current year $179, with a charge of $50 against this amount for looking after the crop and the sale and disposition thereof, and a further charge of $232.50 paid to the tenant for fall plowing one hundred fifty-five acres of the land. On December 5, 1914, plaintiff redeemed the real estate from the sheriff's sale, paying, in addition to the

amount required for redemption, the sum of $103.50, being the net amount due to defendant for expenses as shown by its sworn statement after deducting the $179 realized in rent. It was admitted, and the court so found, that the $50 charged was not paid out but was a mere estimate of the expenses of the local agent for defendant at its office in Coulee City, which agent was regularly employed on a fixed monthly salary for his services of whatever nature for defendant at that place. It was also admitted that the item of $232.50 paid to the defendant for plowing was not paid until some time after the redemption, but that, under the defendant's contract with the tenant, defendant was obligated to pay it before the redemption. It was admitted that the sum of $179 is the exact amount which defendant received for its share of the volunteer crop. The court concluded, as a matter of law, that defendant was not entitled to be paid either the $50 item or the $232.50 item and that plaintiff is therefore entitled to judgment for $282.50 and costs. Judgment went accordingly. Defendant appeals.

The statute governing redemptions, so far as here material, provides that the purchaser at sheriff's sale, from the time of the sale until redemption, and the redemptioner from the time of his redemption until another redemption, is entitled to receive from the tenant in possession the rents or the value of the use and occupancy of the property sold; but in case of redemption from the purchaser or first redemptioner, the amount of such rents and profits over and above the expenses paid for "operating, caring for, protecting and insuring the property" shall be credited upon the redemption money to be paid; and that, after notice of intention to redeem, the purchaser or first redemptioner shall furnish the last redemptioner a sworn statement of such rents and expenses. The person redeeming is required to pay, in addition to the redemption money, all items of expense over and above rents shown on such sworn statement, and if he questions the correctness of the statement, he can only do so by

an independent action for an accounting.   The section closes.
as follows:

"Provided, that if such property be farming or agricul-
tural property and be in possession of any purchaser or any
redemptioner and is redeemed after the first day of April and.
before the first day of December, and the purchaser or his
tenant has performed any work in preparing such property
for crops, or planted crops, he shall be entitled to reimburse-
ment for such work and labor or the right to retain posses-
sion of such property until the first day of December follow-
ing, and the redemptioner shall be entitled to collect the rea-
sonable rental value thereof during such farming year, unless.
such reasonable rental shall have been collected by such pur-
chaser and accounted for to the redemptioner."

We are clear that, under no just construction of this stat-
ute, was the item of $50 charged as an expenditure for look-
ing after, selling and disposing of the crop a proper charge
against the redemptioner.   It is not claimed that respondent
paid out on that account this or any sum.   Nor is it claimed
that it paid to its agent any additional sum on that account
over and above his usual monthly salary.   In fact, there was
nothing to do but receive the hay and sell it.   The tenant
harvested it for two-thirds of the crop.   As to this item, the
trial court's conclusion was clearly correct.

The item of $232.50 paid for the fall plowing presents a
more difficult question by reason of the obscure phrasing of
the above quoted proviso.   The plain purpose of the statute
is to do equity between the parties by giving to the certifi-
cate holder or his tenant either pay for his actual work done
in preparing the land for future crops, or the benefit of such
future crops.   The language of the proviso, reasonably con-
strued, gives him the option either to demand the money for
his work or hold possession until the first day of December
next following the date of redemption, *but only in case of re-
demption between April 1 and December 1 of the current
year*.   But it does not follow, as argued by respondent, that,
in case of redemption *after December 1*, the·certificate holder

or his tenant shall not have pay for his work.    It only follows that he shall have nothing else.    In such a case, he has no option to retain possession instead of taking such pay. He is, however, still entitled to demand and to receive pay for his work.    This construction does no violence to the language of the statute, and is the only construction which meets the plain equities of each situation.    When a tenant has a crop, let us say, planted in April and almost mature at the time of redemption, made, let us say, in September, simple equity requires that he have the option to elect whether he will take the crop or take pay for his work.    But when, as in this case, the crop of the current year has been removed and, prior to notice of intention to redeem, he has plowed the land preparatory to the next year's crop, his whole equities are met by allowing him pay for his work.    To allow him an election to retain possession for another year would work a palpable injustice to the redemptioner.    As to the item claimed for plowing, the court's conclusion was clearly incorrect.

We conclude that appellant was not entitled to be paid the $50 item, but was entitled to reimbursement for the $232.50 which it paid for the plowing.    It has received $50 more than it was entitled to.

Reversed, and cause remanded with direction to enter judgment for respondent in the sum of $50.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.