[No. 14747.  Department Two.  June 20, 1918.]

L. K. COGSWELL *et al., Appellants,* v. L. C. BROWN *et al., Respondents.*[1]

MORTGAGES—FORECLOSURE—REDEMPTION—RENTS AND PROFITS—AC-COUNTING.  Under Rem. Code, § 594 *et seq.,* providing a method of re-demption, but providing that one in possession shall account for rents and profits, one who demands an accounting from the sheriff within the period of redemption may maintain an action for an ac-counting, notwithstanding that he might have pursued an account-ing through the sheriff.

SAME—REDEMPTION—DAMAGES FOR WASTE.  Where plaintiffs, in-stead of redeeming at law from a mortgage foreclosure, seek an accounting in equity for rents and profits during the period of re-demption, they cannot exact the penalty of treble damages provided by Id., §§ 939, 940, for waste in cutting timber, but must be satisfied with their actual damages.

SAME — REDEMPTION — ACCOUNTING ·FOR WASTE — SCOPE OF RELIEF. Where a part of the mortgaged premises bid in by the mortgagee was sold during the period of redemption to B. for a less sum than the amount due, and B. committed waste by the removal of the timber, upon an accounting to the redemptioner, the equities be-tween B. and the mortgagee are to be adjusted by the decree.

Cross-appeals from a judgment of the superior court for Lewis county, Reynolds, J., entered November 12, 1917, upon findings in favor of the plaintiffs, in an action for equitable relief, tried to the court.  Affirmed.

*Lockerby & Wright,* for appellants.

*Forney & Ponder,* for respondents Brown.

*W. E. Bishop* and *A. E. Rice,* for respondents Kuchar *et al.*

CHADWICK, J.—Plaintiffs mortgaged a certain piece of timber land to defendant Kuchar.  The mortgage was foreclosed and the property bid in by Kuchar for $2,387.90, the amount due with interest and costs.

[1]Reported in 173 Pac. 623.

Kuchar deeded to Fred Schellenberger, and he to defendant L. C. Brown. Brown was engaged in the logging business. He entered into possession of the land and denuded it of its merchantable timber. Within the period of redemption, plaintiffs filed a demand for an accounting with the sheriff, and thereafter brought this action to redeem, alleging the removal and sale of the timber and that Brown had realized the sum of $3,750. They prayed that they have accounting, that the mortgage debt be satisfied, and that they be given treble damages as for a willful trespass (Rem. Code, §§ 939, 940), or if the court should find the timber to be of less value, that they be entitled to pay the difference and take redemption.

The court found the value of the timber to be $2,300, granted a redemption if the difference were paid within fifteen days, but denied the treble damages as prayed for. Brown has appealed from that part of the decree allowing damages and redemption. Kuchar asks that the equities between him and Brown be adjusted; and plaintiffs have appealed from that part of the decree refusing treble damages. Brown's contention is, first, that there has been no redemption; that the statutory method of redemption is exclusive, and no tender of the amount found to be due on the foreclosure, with interest and costs, having been made and the time having now past, plaintiffs are without remedy, and that defendants should all go hence. It is true that the statute provides a method of redemption, Rem. Code, § 594 et seq., but it provides that the one in possession shall account for the rents and profits. It would be idle to require a mortgagor to pay or tender the amount due when a purchaser at the sale had used the property to his own profit and was, in equity or at law, indebted to him in a sum far in excess of the amount due on the mortgage debt. It was formerly the rule, a practice

coming from the common law and grounded in the character of the title taken by the purchaser, that a purchaser was entitled to the rents, issues and profits of the land pending a redemption. *Hardy v. Herriott,* 11 Wash. 460, 39 Pac. 958; *Knipe v. Austin,* 13 Wash. 189, 43 Pac. 25, 44 Pac. 531.

But under our holdings that the legal title will not pass until after the period of redemption has expired and the execution of a sheriff's deed, the rule was inconsistent and the law readily adapted itself to the theory that one in possession should account. Laws 1899, p. 85, ch. 53. Defendants are in no way deprived of right or privilege by the present proceeding. True it is that plaintiffs might have pursued an accounting through the sheriff, but the actual satisfaction of the mortgage debt being the material thing, it was their privilege to ask an accounting where the fact as well as the law could be finally settled.

Defendant Brown insists that the removal of timber is neither "rents" nor "profits" within the meaning of the statute, and that no tender having been made, and the law providing for no accounting other than for "rents and profits," the bar of a fixed limitation intervenes to protect their title. Aside from the narrow construction which must be given to the statute to sustain this theory and which we would be loath to adopt, it seems that the law is ample to sustain the present action, although it be held that the removal of timber and its conversion is neither "rents" nor "profits." It is provided, Rem. Code, § 601, that the court may restrain waste during the period of redemption. If a court of equity will restrain waste—and the cutting of timber except for fuel and the repair of fences is waste (§ 601)—during the period of redemption, it would seem to follow that it would entertain a suit of the owner for an accounting if the action is

begun within the time for redemption. Equity will date its decrees, unless controlled by statute, as of a time when they will be effective to do equity, and under the doctrine of relation the decree, although entered thereafter, would operate as of the time the waste was committed.

We hold, therefore, that plaintiffs may maintain the action, but it does not follow that there is merit in their appeal. They have forsaken the law and appealed to equity; and appealing to equity, they must do equity. Their legal right was to redeem under the statute and within a certain time. They did not do so, but sought an accounting for waste. Their plea is one to which a court of equity will give ear, but to which a court of law will not listen. Such relief as they are entitled to is a matter of grace rather than of right, and as they demand equity, so must they take their recovery under the rules of equity. They demand the full measure of their damage and are content with the amount fixed by the court. They demand that that recovery be trebled, so that, asking grace, they demand a penalty. Penalties are not favored in the forum of conscience, and having passed the time of strict redemption, they must content themselves with the value of their property. They might have redeemed in money and in time and raised the present issue in a proper proceeding. They were content to become beseechers at the throne of grace and are entitled to the value of that which was taken, and no more. Their cup may be full, but it shall not be made to run over.

Counsel have filed briefs which learnedly discuss their theories. We have given them our earnest consideration and, after mature reflection, have concluded that it would be of no avail to discuss the cases cited, for, if our vision be not clouded, the case is quickly

resolved by reference to the statute and the elementary principles of equity.

When Kuchar foreclosed his mortgage, other property was included—the sale to Brown was of a part only of the property and, as we are told, for a less sum than the amount due under the decree. The equities between Brown and Kuchar are to be adjusted. The decree will be affirmed on both appeals, but the case will be remanded with instructions to define the rights and obligations of the Browns and Kuchar *inter sese*. Plaintiff may redeem, within fifteen days after the going down of the remittitur, by paying the amount due on the judgment, with interest, taxes paid and costs, less the sum of $2,300. Each appealing party will pay his own costs in this court. Costs in the court below will go as previously adjudged.

MAIN, C. J., MOUNT, MACKINTOSH, and HOLCOMB, JJ., concur.