[No. 18563.  Department Two.  October 6, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Lucy J. Bryant et al., Appellant,* v. MATT STARWICH, *as Sheriff of King County, Respondent.*[1]

MORTGAGES (262)—TENDER (6)—FORECLOSURE OF MORTGAGE—RE-DEMPTION. Under Rem. Comp. Stat., § 599, providing that the sheriff shall issue to the redemptioner a certificate of redemption upon payment of the amount due, a tender of the proper sum may be made conditional upon the issuance of the certificate; and if the sheriff refuses to allow a redemption, the money conditionally tendered need not be left with him.

SAME (259, 260)—REDEMPTION—RENTS AND IMPROVEMENTS—DE-MAND FOR ACCOUNTING — STATUTES — CONSTRUCTION. Under Rem. Comp. Stat., § 595, a redemptioner may redeem in any event and under all circumstances by paying the amount of the bid and eight per cent interest to the time of the redemption, together with the amount of any assessment or taxes paid since the sale.

SAME. Rem. Comp. Stat., § 600, which provides for a credit, in favor of a redemptioner at execution sale, for the amount received by the purchaser for rents and profits in excess of expenses incurred and expended in operating or caring for the property during the period of redemption, does not entitle the purchaser to receive from the redemptioner the amount of expenses in excess of rents and profits received; and such section cannot be invoked by a purchaser whose expenses exceeded the rents and profits received.

Appeal from an order of the superior court for King county, Hall, J., entered September 8, 1923, dismissing a mandamus proceeding, after a hearing to the court. Reversed.

*Longfellow & Fitzpatrick,* for relators.

*Tucker, Hyland & Elvidge,* and *Mary H. Alvord,* for respondent.

FULLERTON, J.—The Universal Savings & Loan Association made a loan to the relator Lucy J. Bryant, which she secured by a mortgage upon certain real

[1] Reported in 229 Pac. 12.

property situated in the city of Seattle then owned by her. Afterwards the association foreclosed the mortgage, caused the property to be sold under the decree of foreclosure, and itself became the purchaser of the property at the sale for the amount of its decree, which then aggregated the sum of $552.46. It entered into possession of the property on the confirmation of the sale.

In due time, after the foreclosure and sale, the relator, as mortgagor, gave notice to the sheriff of her intention to redeem the property from the foreclosure sale. The sheriff, as required by statute, caused notice of the intention to redeem to be served upon the purchaser. The purchaser thereupon filed with the sheriff a sworn statement to the effect that it had expended upon the property in "operating, caring for, protecting, and insuring" the same, and in the payment of assessments and liens thereon, the sum of $884.88 in excess of the sum received as rentals from the property.

At the time fixed as the time for redemption, the relator appeared at the sheriff's office and tendered to the sheriff the amount bid for the property, the amount of taxes and assessments the purchaser had paid on the property subsequent to the purchase, together with interest on such sums at the statutory rate, and demanded a certificate of redemption. The sheriff refused the tender, and refused to issue a certificate of redemption unless the applicant would pay, in addition to the amount tendered, the sum shown in the purchaser's sworn statement to have been expended upon the property subsequent to its purchase. The relator thereupon began proceedings in mandamus in the superior court to compel the sheriff to accept the tender and issue to her a certificate of redemption, paying

into the registry of the court the amount tendered the sheriff. The purchaser resisted the proceedings, and a hearing was had thereon, resulting in an order dismissing the proceedings with costs. The present appeal is from this order.

The principal question involves a construction of the statutes relating to redemption of property sold under execution. The respondent, however, raises a preliminary question necessary to be noticed. The tender to the sheriff, while within the statutory period, was conditioned on the issuance of a certificate of redemption, and the money was not left with that officer. The mandatory proceedings were instituted after the period of redemption had expired, and the money paid into the registry of the court was, of course, likewise paid subsequent to that time. It is argued that this is insufficient to comply with the statute, that the money should have been tendered to the sheriff unconditionally, and that its payment into court was in effect the first unconditional tender, and came too late to be effective under the statute. But the statute provides (Rem. Comp. Stat., § 599) [P. C. § 7914], that the sheriff shall issue to the redemptioner such a certificate, and this being the right of the redemptioner, he may lawfully make the tender conditional upon the issuance of the certificate. The allowance of the redemption by the sheriff is the principal matter, of which the certificate, at best, is only evidence. When the sheriff refuses to allow a redemption, he has no right to the money tendered, and neither the statute, nor the general rules of law, require that it be left with him. The redemptioner's rights, however, are fixed at that time. The subsequent proceedings are to compel the sheriff to recognize a right already accrued, and whether these are instituted after or before the right of re-

demption expires does not affect the proceedings. What might be the effect of an unusual delay, we need not consider, as the proceedings in this instance were timely.

The statute provides (Rem. Comp. Stat., § 584) [P. C. § 7907], that all real property sold under execution, decree or order of sale, with an exception not necessary here to notice, shall be subject to redemption. The proceedings relating thereto are prescribed by statutes found in the same compilation from § 594 to § 604, inclusive. [P. C. § 7909 *et seq.*] Section 594 defines the persons entitled to redeem. Section 595 [P. C. § 7910], prescribes the time for redemption, which it limits to one year after sale, and further provides that the redemptioner may redeem " . . . on paying the amount of the bid, with interest thereon at the rate of eight per cent per annum to the time of redemption, together with the amount of any assessment or taxes which the purchaser or his successor in interest may have paid thereon after purchase, and like interest on such amount; . . . "

Section 599, *supra,* prescribes the mode of redeeming. It provides that the person seeking to redeem shall give the sheriff at least five days' written notice of his intention to apply to him for that purpose, and makes it the duty of the sheriff to notify the purchaser, or his attorney, "of the receipt of such notice."

Section 600 [P. C. § 7915], of the statute reads as follows:

"The purchaser, from the time of the sale until the redemption, and the redemptioner from the time of his redemption until another redemption, except as hereinafter provided, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by such person or

persons thus entitled thereto, from the property thus
sold, preceding the redemption thereof from him, the
amount of such rents and profits, over and above the
expenses paid for operating, caring for, protecting and
insuring the property, shall be a credit upon the re-
demption money to be paid; and if the redemptioner
or other person entitled to make such redemption, be-
fore the expiration of the time allowed for such re-
demption, files with the sheriff a demand in writing
for a written and verified statement of the amounts of
such rents and profits thus received, and expenses paid
and incurred, the period for redemption is extended
five (5) days after such sworn statement is given by
such person thus receiving such rents and profits, or
by his agent, to the person making such demand, or
to the sheriff. It shall be the duty of the sheriff to
serve a copy of such demand upon the person receiv-
ing such rents and profits, his agent or his attorney,
if such service can be made in the county where the
property is situate. If such person shall, for a period
of ten days after such demand has been given to the
sheriff, fail or refuse to give such statement, such re-
demptioner or other person entitled to redeem from
such sale, making such demand, may bring an action
within sixty days after making such demand, but not
later, in any court of competent jurisdiction, to com-
pel an accounting and disclosure of such rents, profits
and expenses, and until fifteen days from and after the
final determination of such action the right of redemp-
tion is extended to such redemptioner or other person
making such demand who shall be entitled to redeem.
If a sworn statement is given by the purchaser or other
person receiving such rents and profits, and such re-
demptioner or other person entitled to redeem, who
makes such demand, desires to contest the correctness
of the same, he must first redeem in accordance with
such sworn statement, and if he desires to bring an
action for an accounting thereafter he may do so
within thirty days after such redemption, but not later;
Provided, that if such property be farming or agri-
cultural property and be in possession of any purchaser

or any redemptioner and is redeemed after the first day of April and before the first day of December, and the purchaser or his tenant has performed any work in preparing such property for crops, or planted crops, he shall be entitled to reimbursement for such work and labor or the right to retain possession of such property until the first day of December following, and the redemptioner shall be entitled to collect the reasonable rental value thereof during such farming year, unless such reasonable rental shall have been collected by such purchaser and accounted for to the redemptioner.''

It will be observed from our statement of the facts of the case that the relator made no attempt to invoke the provisions of the section of the statute which we have here quoted in full. She contented herself merely with giving notice of her intention to redeem; filing no demand with the sheriff for a written and verified statement of the amount of the rents and profits the purchaser had received from the premises, or of the expenses incurred and expended by it in operating, caring for, protecting and insuring the property.

It is the contention of the respondent, and it was the holding of the trial court, that the purchaser could invoke the provisions of the quoted section whether the redemptioner did so or not, and could compel the redemptioner, as a condition precedent to redemption, to pay the expenses the purchaser had incurred ''for operating, caring for, protecting and insuring the property,'' in so far as such expenditures exceed the income from the property.

But it is our opinion that the statute will not bear this interpretation. The statute, we think, contains two separate and distinct methods for determining the amount to be paid by a redemptioner to effect a redemption. He may redeem in any event, and under all

circumstances, by paying the amounts prescribed by
§ 595, before cited, or, in the alternative, he may be-
fore redeeming call for a sworn statement of the rents
and profits and the statutory expenditures made by
the purchaser and redeem by paying the amounts re-
quired in that section, less such an amount as the rents
and profits exceed the statutory expenses. The statute,
on its face, we think, compels this interpretation. It
will be observed that it places the duty of demanding
the statement on the redemptioner, and requires that
he make the demand prior to the time his right of re-
demption expires by limitation, and that it gives the
purchaser no right to invoke the statute voluntarily.
Furthermore, the language of the quoted section is op-
tional. The language is that "if the redemptioner"
makes the demand, then the purchaser shall be required
to furnish the sworn statement, but further than this
no duty is imposed or right conferred on the pur-
chaser.

If the respondent's view of the statute be taken, it
is easy to see that it is within the power of the pur-
chaser to make the right to redeem so burdensome as
to amount to a denial of the right. The present case is
illustrative of this. The purchaser, after its purchase,
placed a new foundation under the house, reshingled
its roof, replastered and recalcimined it throughout,
put in a bathroom with a bathtub, constructed a cess-
pool, and connected the drainage from the house there-
with. It would seem at once manifest that some of
these expenditures would not be necessary for the pur-
pose of operating, caring for, protecting and insuring
the property, yet, under the provision of the quoted
section of the statute, if it is applicable, the redemp-
tioner is required to pay them before he is permitted
to institute a proceeding to question their validity—

an amount in this instance nearly double the purchaser's original investment in the property. These improvements undoubtedly added value to the property, and there may be some equitable principle upon which their value may be recovered (*Cogswell v. Brown,* 102 Wash. 625, 173 Pac. 623), but it is not in this proceeding. The right to redeem from an executed sale is statutory, and a redemptioner, to effect a redemption, is required to do no more than the statute requires of him. As we said in *Knipe v. Austin,* 13 Wash. 189, 43 Pac. 25, 44 Pac. 531:

"The right to redeem at all is a right granted by the statute. Without a statutory enactment the right would be cut off absolutely. It is a right that is purely *ex gratia,* and the legislature in conferring this right could confer it burdened with any conditions which it saw fit to impose."

See, also, *Dane v. Daniel,* 23 Wash. 379, 63 Pac. 268.

But it is said that our case of *Woods v. Netherlands American Mortgage Bank,* 92 Wash. 370, 159 Pac. 123, is contrary to the conclusion which we here reach. An examination of that case, however, will show that the question here presented was not there involved. In that case the redemptioner did make a demand upon the purchaser for a statement of the rents and profits, with his expenditures, which the purchaser furnished. The land sought to be redeemed from sale was agricultural land, and the question was whether the purchaser could claim the benefit of expenditures made in preparing the land for crops to be grown in the succeeding harvest year. No question of the right to redeem without a demand was made, nor was it questioned whether recovery could be had in excess of the rents and profits. The case of *Hardy v. Herriott,* 11 Wash. 460, 39 Pac. 958, is also cited, and an excerpt

from the opinion is quoted. The excerpt quoted bears only remotely upon the question here involved, but, aside from this, the principle it announces is no longer the law of this jurisdiction. See *Knipe v. Austin,* 13 Wash. 189, 43 Pac. 25, 44 Pac. 531; *Hays v. Merchants' Nat. Bank of Port Townsend,* 14 Wash. 192, 44 Pac. 137.

The order appealed from is reversed, and the cause is remanded with instructions to grant the writ sought by the relator.

MACKINTOSH, PEMBERTON, and MITCHELL, JJ., concur.
BRIDGES, J., concurs in the result.