[No. 21504.  Department Two.  May 22, 1929.]

F. C. OUTLAND, *Appellant,* v. ERETTA ROSE STARR, *et al.,*
*Respondents.*[1]

*H. A. Martin* and *William Martin,* for appellant.

*Alex Stewart (Robert. D. Hamlin,* of counsel), for
respondents.

FRENCH, J.—In the fall of 1923, appellant, being the
owner of certain land near Ellisport, Washington,
deeded the property to one George W. Anderson, to
secure the payment of twelve hundred dollars, re-
ceiving back from Anderson an agreement to reconvey
the property provided the money was repaid within
eighteen months.  Early in 1925, respondents obtained
a judgment against Outland, and the property was
bought in by them at sheriff's sale in May, 1925, and in
the spring of 1926, they obtained a sheriff's deed to

[1]Reported in 277 Pac. 694.

the property. Some time after the sheriff's sale, appellant agreed with Anderson that he could not repay the loan, and surrendered his written agreement. Outland's family desiring to use the property for camp purposes during the summer of 1926, appellant paid to Anderson one hundred dollars for the use of the property that season. The Outland family went to the property, but soon thereafter left it, going back to Seattle, and while it was thus vacant, respondents took possession thereof and rented it to a family by the name of Hoff. Within a few days after the Hoff family took possession, respondent took all of the personal property and stored it in a storage building which they owned a short distance away, notifying appellant's then attorney to the effect that they had taken possession of the personal property for the purpose of preserving it, and that the same would be returned on demand. This action was brought to recover for conversion of the personal property so taken.

Respondents' defense was, and is, that the personal property was removed only for safe keeping, and that, at all times, they have been, and now are, ready to surrender the same on demand. From a judgment finding that there had been no conversion of the property, this appeal follows.

During the progress of the case brought against Outland, respondent made application for, but was denied, a writ of assistance, and it is claimed that the legal effect of the denial of the writ of assistance was to establish the title to the land in Anderson, and adjudicate that respondents had no title, and for that reason their entry was wrongful. But we think an examination of the following cases will show that such could not have been the effect, particularly in view of the fact that respondents neither sought

nor obtained an order adjudicating the title. *Johnson v. Carr,* 90 Wash. 106, 155 Pac. 778; *Chehalis v. Robinson,* 87 Wash. 690, 152 Pac. 696; *Lundstrum v. Branson,* 92 Kan. 78, 139 Pac. 1172, 52 L. R. A. (N. S.) 697.

Application was also made to the court for an order requiring Anderson to appear and answer in proceedings supplemental to execution, and it is claimed that the legal effect of those proceedings was to adjudicate the title to this property against respondents, but both the affidavit and order are general in their nature, and there is nothing therein purporting to put in issue the title to the specific real property. Neither does there appear to have been any order made touching upon the status of the specific land or any other property. Also, regardless of what title Anderson may now have to the real property in question, at that time he was at best but a mortgagee.

Some claim is also made that Anderson was in the sole and exclusive possession of the real property. That question is passed for the reason that he is not made a party to the action, and it is sufficient to say that, on the face of the record, respondents had a sheriff's deed to the real property, and that is sufficient to justify them in their action in taking possession of the same.

On the question of fact as to whether the personal property here in dispute was actually converted, we think the testimony abundantly justified the conclusion reached by the trial court.

Judgment affirmed.

MITCHELL, C. J., MILLARD, MAIN, and PARKER, JJ., concur.