[No. 27420. Department One. August 14, 1939.]

C. E. GRAY et al., Respondents, v. C. A. HARRIS & SON, INC., Appellant.[1]

[1]Reported in 93 P. (2d) 385.

182

*John Spiller,* for appellant.

*J. Harold Anderson* (*Robert D. Hamlin,* of counsel), for respondents.

JEFFERS, J.—This is an appeal by defendant, C. A. Harris & Son, Inc., a corporation, from a judgment rendered by the superior court for Chelan county, on August 16, 1938, in favor of plaintiffs, C. E. Gray and Viola Gray, his wife.

In their first amended complaint, plaintiffs set up three purported causes of action. The trial court allowed plaintiffs recovery, against the corporate de-

fendant only, on their first cause of action and in part on their second cause of action, but denied plaintiffs recovery on part of their second cause of action and on their third cause of action. Plaintiffs did not appeal from that part of the judgment adverse to their contentions.

The undisputed facts may be stated as follows: Prior to June 3, 1936, A. O. Arneson and wife were the owners of the southeast quarter of the southeast quarter of section 26, township 27 north, range 20, E. W. M. On the date last mentioned, Arneson and wife conveyed this property to plaintiffs, the deed expressly conveying to plaintiffs the right of redemption from sheriff's sale in cause No. 12307 in the superior court for Chelan county, wherein L. A. Pietz, as receiver of First National Bank of Hayti, was plaintiff, and Arneson and wife were defendants. The defendant corporation became the purchaser of the property at sheriff's sale in cause No. 12307, on February 29, 1936, and on June 22, 1936, plaintiffs redeemed the property in question by paying to the sheriff of Chelan county the amount of the purchase price paid by defendant corporation for such property at the execution sale, together with interest up to the time of redemption and the costs of redemption.

While there is some dispute in the testimony as to the amount of timber cut from the land in question and as to the value thereof, the trial court saw the witnesses and apparently accepted the testimony of Earl Moon, a scaler for defendant corporation, as a basis for its decree that, between the date when defendant purchased the property and the date of the redemption by plaintiffs, defendant cut from the land 121,000 board feet of timber, and we think the court was justified in its finding. We are also of the opinion that the court was justified in its conclusion that this

timber was reasonably worth the sum of $363. There is also some dispute as to the amount of timber hauled over the land in question between the date of redemption by plaintiffs and the commencement of this suit and as to the damage caused by such hauling, but again we think there is ample testimony to justify the finding of the trial court that not less than 600,000 board feet was hauled by defendant across the land.

It appears from the testimony of plaintiff Gray that the road across the land in question, over which defendant hauled its logs, was built by defendant corporation some eight or ten years ago; that the road washed out and was rebuilt by the United States forest service. The evidence relative to the damage to the property resulting from defendant's hauling, as shown by the testimony of Martin Petersen and Ragna Petersen, witnesses for plaintiffs, and by the testimony of plaintiff Gray, is based upon the reasonable value of the use of the road; in other words, as testified by plaintiff, for the privilege of using the road.

The trial court granted plaintiffs judgment on their first cause of action, for timber cut and removed by defendant, in the sum of $363, and on their second cause of action for one hundred dollars. Defendant corporation has appealed.

Appellant contends the court erred in granting judgment to respondents in any sum on their first cause of action, and also claims the court erred in granting judgment to respondents in the further sum of one hundred dollars as damages to the property, as the result of hauling timber over the land by appellant.

As to the first cause of action, the question presented is whether or not respondents are entitled to recover against appellant for the value of timber cut and removed by appellant from the land in question between the time it purchased such property at execution

sale and the time of redemption by respondents, where respondents redeemed without demanding an accounting, as provided in Rem. Rev. Stat., § 600 [P. C. § 7915].

Appellant contends that respondents' first cause of action is one in conversion, and that the conversion was complete at the time the timber was cut; that the title to the trees cut passed to appellant at that time; and that, in the absence of Rem. Rev. Stat., § 600, such action as might have accrued was a personal one for damages in favor of the judgment debtor, Arneson, only, and that solely by virtue of § 600, *supra*, does any right accrue in favor of respondents. We are unable to agree with appellant in its contentions.

Rem. Rev. Stat., § 595 [P. C. § 7910], provides in part:

"The judgment debtor or his successor in interest, or any redemptioner, may redeem the property at any time within one year after the sale, on paying the amount of the bid, with interest thereon at the rate of eight per cent per annum to the time of redemption, together with the amount of any assessment or taxes which the purchaser or his successor in interest may have paid thereon after purchase, and like interest on such amount; . . ."

Rem. Rev. Stat., § 600, in so far as material, provides:

"The purchaser, from the time of the sale until the redemption, and the redemptioner from the time of his redemption until another redemption, except as hereinafter provided, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by such person or persons thus entitled thereto, from the property thus sold, preceding the redemption thereof from him, the amount of such rents and profits, over and above the expenses paid for operating, caring for, protecting and insuring the property, shall be a credit upon the redemption money to be paid; and if the redemptioner

or other person entitled to make such redemption, before the expiration of the time allowed for such redemption, files with the sheriff a demand in writing for a written and verified statement of the amounts of such rents and profits thus received, and expenses paid and incurred, the period for redemption is extended five (5) days after such sworn statement is given by such person thus receiving such rents and profits, or by his agent, to the person making such demand, or to the sheriff. It shall be the duty of the sheriff to serve a copy of such demand upon the person receiving such rents and profits, his agent or his attorney, if such service can be made in the county where the property is situate. If such person shall, for a period of ten days after such demand has been given to the sheriff, fail or refuse to give such statement, such redemptioner or other person entitled to redeem from such sale, making such demand, may bring an action, within sixty days after making such demand, but not later, in any court of competent jurisdiction, to compel an accounting and disclosure of such rents, profits and expenses, and until fifteen days from and after the final determination of such action the right of redemption is extended to such redemptioner or other person making such demand who shall be entitled to redeem. . . ."

In the first place, we are of the opinion that the legal title to real estate does not pass to one purchasing at an execution sale until the period of redemption has expired and a sheriff's deed issued. *Cogswell v. Brown*, 102 Wash. 625, 173 Pac. 623.

This being true, the appellant herein had no right, during the redemption period, to denude the land of its merchantable timber. We are also of the opinion that the only rights given by the statute to such a purchaser are to protect, care for, and, in a proper case, operate the property, during the period of redemption; and if he has received any rents or profits from the property during such period, and there is a redemption, he must, in an appropriate action, account

to the redemptioner for such rents and profits, over and above the cost of operating, caring for, and protecting the property.

■ We are further of the opinion that the deed of June 3, 1936, from Arneson and wife to respondents, even without reference to the right to redeem, would have carried with it the right to redeem, but when in addition we have the conveyance of such right expressed in the deed, and also a written assignment of Arneson and wife to respondents of any and all rights of the Arnesons to redeem, certainly there can be no question as to respondents' right to redeem, provided, of course, they have complied with the statute.

We think there can be no question but that respondents had a right to redeem, under § 595, *supra*, by paying the amounts prescribed by such statute, regardless of whether or not they had, prior thereto, made a demand upon appellant for a sworn statement of the rents, profits and expenditures made by appellant. *State ex rel. Bryant v. Starwich,* 131 Wash. 101, 229 Pac. 12.

■ Having, then, made redemption under § 595, *supra*, and having paid to the sheriff, for appellant, the amount it paid for the property at the execution sale, can respondents, after the expiration of the period of redemption, bring an action against appellant for the reasonable value of the timber cut and removed from such premises? We think they can.

Respondents, having redeemed under § 595, *supra*, as they had a right to do, and not having made a demand for an accounting, are not, in our opinion, bound by the provision of § 600, *supra*, relative to the time within which an action may be brought after a demand for an accounting has been made and refused, but were entitled to bring this action, which we think, in so far as the first cause of action is concerned, is based

upon the equitable ground that appellant, having received from respondents all it paid for the property at the execution sale, should not, in good conscience, be permitted to keep the money and also the timber which it had unlawfully cut and removed from the property during the redemption period.

Appellant cites the following cases to support its contentions: *Cogswell v. Brown, supra; State ex rel. Bryant v. Starwich, supra;* and *First Nat. Bank v. Kahle,* 143 Wash. 336, 255 Pac. 374.

In the *Brown* case, *supra,* there was a demand by the redemptioner for an accounting, and after such demand, an action was brought to redeem and for an accounting. We think the situation presented in the cited case is different from that presented in the instant case, and that what was said in the cited case relative to the time an action could be brought is not controlling herein.

In the *Starwich* case, *supra,* the question was whether or not the purchaser at the execution sale could compel the redemptioner to pay the expenses incurred by the purchaser for operating, caring for, and protecting the property, as a condition precedent to redemption. The court held that redemption could be had under § 595, *supra,* by paying the amounts therein specified.

In the *First Nat. Bank* case, *supra,* appellants did not comply with the provisions of either § 595 or § 600, *supra,* but brought an action for redemption and demanded an accounting. In the cited case, there is no question of the property being stripped of that which made it valuable, nor was redemption made prior to bringing the action.

Appellant contends that the trial court should in no event have allowed more than nominal damages to respondents on their second cause of action.

There is no question but that appellant was a tres-

passer upon respondents' land, after redemption. The testimony shows that it hauled over this land at least 600,000 board feet of timber, after respondents had redeemed, and before this action was begun, without respondents' permission, and without any right so to do. However, the testimony also shows that the hauling was upon an old road that had been there for some ten years, and that the only damage was such as might result from the use of this private road. The only testimony bearing upon the damage to the land from such hauling seems to be based upon the claimed reasonable value per thousand feet for hauling timber over this road. We are of the opinion that there is no testimony herein which would justify a judgment against appellant on the second cause of action in the sum of one hundred dollars, but a technical trespass having been proven, we think respondents are entitled to nominal damages in the sum of one dollar, on their second cause of action.

The judgment is affirmed as to the first cause of action, and modified as to the second cause of action to the extent of allowing a recovery in favor of respondents for nominal damages in the sum of one dollar. Respondents will recover their costs herein.

BLAKE, C. J., STEINERT, MAIN, and ROBINSON, JJ., concur.