IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE BANK OF NEW YORK MELLON
TRUST COMPANY, NATIONAL
ASSOCIATION F/K/A THE BANK OF
NEW YORK TRUST COMPANY, N.A.,
AS SUCCESSOR TO JP MORGAN
CHASE BANK, N.A., AS TRUSTEE
FOR RESIDENTIAL ASSET
MORTGAGE PRODUCTS, INC.,
MORTGAGE ASSET-BACKED PASS-
THROUGH CERTIFICATES OF
SERIES 2005-RP3,

          Respondent,

     v.

HUY-YING CHEN, YUEH-HUA CHEN,
and
ALL OTHER OCCUPANTS OF THE
PREMISES,

          Appellants.

No. 81552-1-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — This appeal, the third filed in this court stemming from the judicial foreclosure of real property once owned by Huy-Ying Chen and Yueh-Hua Chen, involves a judgment of unlawful detainer and order granting a writ of restitution. A bank purchased real property once owned by the appellants at a sheriff's sale, and when the appellants did not vacate the premises, the bank filed a complaint seeking to evict them. The trial court ruled that the bank was entitled to possession and issued a writ of restitution. For the reasons that follow, we affirm.

FACTS

The following underlying factual background is largely derived from our two prior decisions in appeals challenging the foreclosure of real property formerly owned by Huy-Ying Chen and Yueh-Hua Chen (Chen). [1]

In 1999, Chen borrowed $525,000 to purchase real property. In 2006, JP Morgan Chase Bank, successor to the lender, initiated judicial foreclosure proceedings. Chen filed for bankruptcy and removed the proceeding to bankruptcy court. The bankruptcy court granted summary judgment, awarded judgment to Chase, and ordered the foreclosure sale of the property to satisfy the debt. Chen appealed. The federal district court denied Chen's motion to stay the sale pending appeal.

Chase registered the foreign judgment in King County Superior Court and obtained an order of sale. The parties then reached an agreement to cancel the pending sale in exchange for Chen's dismissal of his appeal of the bankruptcy court judgment.

In 2011, Chen filed suit against Chase and its successor, Bank of New York Mellon Trust Company (the Bank) alleging, among other things, breach of the settlement agreement. The superior court dismissed the suit with prejudice.

Ultimately, efforts to negotiate a payment plan failed and the Bank obtained another order of sale scheduling the sale for December 16, 2016. Shortly before that date, Chen filed a motion in superior court seeking to prevent

---

[1] Yueh-Hua Chen passed away after the Bank initiated the judicial foreclosure.

the sale. The superior court denied the motion and the sale took place as scheduled.

In January 2017, Chen filed an objection to the confirmation of sale. The superior court overruled the objection and Chen appealed to this court. Because Chen failed to demonstrate substantial irregularities in the sale proceeding, this court affirmed the superior court's ruling in an unpublished decision. See JP Morgan Chase Bank v. Chen, No. 76624-4-I, slip op. (Wash. Ct. App. October 8, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/766244.pdf.

In 2018, after the superior court issued an order confirming the sheriff's sale, Chen filed a lawsuit in federal district court seeking to prevent the enforcement of the sale. The district court dismissed the complaint.

In 2019, Chen filed a complaint against the Bank and others again seeking to prevent enforcement of the sheriff's sale. When the defendants' motion to dismiss was pending, Chen filed a motion to set aside the sale. The superior court denied the motion and Chen appealed that ruling.[2]

In 2019, the Bank issued a notice to vacate, but Chen remained on the property. In January 2020, the Bank filed an unlawful detainer action.

In his response to the complaint, Chen primarily challenged the Bank's title to the property and the validity of the sheriff's deed.

---

[2] After the superior court commissioner entered the judgment of unlawful detainer and writ of restitution, this court affirmed the trial court's decision because Chen failed to demonstrate a basis to set aside the sheriff's sale or deed. Chen v. JP Morgan Chase Bank, No. 80484-7-I, slip op. (Wash. Ct. App. March 1, 2021) (unpublished), http://www.courts.wa.gov/opinions/pdf/804847.pdf.

After a show cause hearing, a superior court commissioner entered a judgment of unlawful detainer and order granting a writ of restitution. The court later denied Chen's motion for revision. Chen appeals.

DISCUSSION

Chen challenges the order denying his motion to revise the commissioner's decision to issue a writ of restitution and the order granting the writ of restitution.[3]

The decision of a court commissioner is subject to revision by the superior court. See RCW 2.24.050; see also Wash. Const. art. IV, § 23. On revision, the superior court reviews de novo the findings of fact and conclusions of law of the commissioner based upon the evidence and issues presented to the commissioner. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). We review the superior court's ruling, not the commissioner's. Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). Where, as here, the superior court denied the motion to revise the commissioner's ruling, the commissioner's decision becomes the superior court's decision. Maldonado, 197 Wn. App. at 789.

"[A]n unlawful detainer action is a 'narrow one, limited to the question of possession and related issues such as restitution of the premises and rent.'" Angelo Prop. Co., LP v. Hafiz, 167 Wn. App. 789, 809, 274 P.3d 1075 (2012) (quoting Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985)). "Issues

---

[3] Although we are mindful that Chen represents himself pro se, we hold self-represented litigants to the same standards as attorneys. See In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

unrelated to possession are not properly part of an unlawful detainer action" and must be resolved in a separate action. River Stone Holdings NW, L.L.C. v. Lopez, 199 Wn. App. 87, 92, 395 P.3d 1071 (2017). Specifically, unlawful detainer actions do not "'provide a forum for litigating claims to title.'" Selene RMOF II REO Acquisitions II, L.L.C. v. Ward, 189 Wn.2d 72, 81, 399 P.3d 1118 (2017) (quoting Fed. Nat'l Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382, 353 P.3d 644 (2015).

The unlawful detainer action was limited to the issue of whether the Bank complied with the statutory requirements to properly evict Chen. The unchallenged findings, adopted by the superior court, provide that the Bank "holds title to the lands and premises" formerly owned by Chen. The court also found that Chen is "guilty of unlawful detainer" by remaining on the premises and his occupancy was properly terminated by the judgment of unlawful detainer and writ of restitution. Chen provides no argument or evidence that the Bank failed to comply with the requirements.

Chen does not identify any lack of compliance with the unlawful detainer statutory procedures. Below and on appeal, Chen advances arguments that largely challenge the validity of the underlying sheriff's sale and/or the Bank's title to the property. Chen cannot challenge the writ of restitution by attacking the sheriff's sale or the validity of the sheriff's deed.[4] See River Stone, 199 Wn. App. at 96. These claims are outside the scope of unlawful detainer proceedings.

_____

[4] The 2019 declaration of an investigator that Chen relies on to support his assertion that the title is defective, was not before the commissioner. And in Chen's prior appeal, this court noted that the evidence was not sufficient to

While not challenging the Bank's compliance with statutory requirements, Chen contends that chapter 59.12 RCW simply does not apply since the Bank neither acquired title to the property through non-judicial foreclosure nor purchased the property at a trustee's sale under the Deeds of Trust Act (DTA), chapter 61.24 RCW. Chen's claim hinges on a provision of the DTA, RCW 61.24.060, which provides that "[t]he purchaser at the trustee's sale shall be entitled to possession of the property on the twentieth day following the sale, as against the borrower and grantor under the deed of trust ..., who were given all of the notices to which they were entitled under this chapter." The provision also states that "[t]he purchaser shall ... have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW." RCW 61.24.060(1). Chen argues that RCW 61.24.060 limits unlawful detainer to those who acquire title through non-judicial foreclosure. He points out that the legislature made no provision in 61.12 RCW, the statutes governing judicial foreclosure, for a purchaser to exercise similar authority to use the summary unlawful detainer procedures to enforce a right of possession. Chen maintains, because RCW 59.12 is inapplicable, the court erred in granting a writ of restitution.

The language of RCW 61.24.060(1) is not exclusive and does not restrict the use of unlawful detainer statutes to those who obtain title through non-judicial foreclosure under the DTA or impose any limitation on the use of summary unlawful detainer procedures outside of that context. And the statute defining

_____

demonstrate that there were substantial irregularities in the proceedings concerning the sheriff's sale. See Chen, No. 80484-7-I, slip op.

6

unlawful detainer, RCW 59.12.030(6), expressly applies when a person without "color of title" does not vacate property after receiving proper notice to vacate. RCW 59.12.030(6) states that a "tenant of real property for a term less than life is guilty of unlawful detainer" if:

> a person who, without the permission of the owner and without having color of title thereto, enters upon land of another and who fails or refuses to remove therefrom after three days' notice, in writing and served upon him or her in the manner provided in RCW 59.12.040. Such person may also be subject to the criminal provisions of chapter 9A.52 RCW.

In judicial foreclosure, legal title passes to the purchaser at an execution sale when the sheriff's deed is issued. Gray v. C.A. Harris & Son, 200 Wash. 181, 186, 93 P.2d 385 (1939). And one who obtains property by means of a sheriff's deed is entitled to possess the property. Outland v. Starr, 152 Wash. 269, 271, 277 P. 694 (1929); See Kezner v. Landover Corp., 87 Wn. App. 458, 463, 942 P.2d 1003 (1997) (grantor retains title until sheriff's deed issues upon completion of sheriff's sale).

The uncontroverted record establishes that the Bank obtained title following an execution sale through a sheriff's deed. Chen fails to provide any persuasive argument as to why, after the sheriff's deed transferred title to the Bank, he was not without "color of title" for purposes of RCW 59.12.030(6). The trial court did not err in granting the writ of restitution. Chen fails to establish that RCW 59.12 did not apply.

Chen also contends that the court erred by entering judgment and granting the writ of restitution when, at the time of the commissioner's decision, his appeal was pending in the matter involving the motion to set aside the

7

sheriff's sale. But, as the superior court pointed out, the superior court denied the motion to set aside the sale and Chen failed to obtain an order staying the enforcement of the court's ruling. And although Chen sought to stay the writ of restitution pending resolution of his appeal involving the foreclosure, this court denied his motions to stay. Under these circumstances, it was not error for the superior court to resolve the Bank's unlawful detainer claim.

### Attorney Fees

Chen requests attorney fees on appeal. To be awarded attorney fees on appeal, a party must provide more than a bald request. RAP 18.1(b); Hudson v. Hapner, 170 Wn.2d 22, 33, 239 P.3d 579 (2010). Chen offers no meaningful argument explaining why he is entitled to attorney fees and does not demonstrate that he is entitled to fees on appeal.

The Bank also requests appellate attorney fees. The Bank cites RAP 18.1 and characterizes Chen's appeal as frivolous. We deny the request. Under RAP 18.1, a party may request reasonable attorney fees on appeal if an applicable law grants the party the right to recover. RAP 18.9(a), which the Bank does not mention, allows this court to award sanctions, such as a grant of attorney fees and costs to an opposing party, when a party brings a frivolous appeal. "An appeal is frivolous if, considering the whole record, this court is convinced there are no debatable issues on which reasonable minds may differ and it is totally devoid of merit." In re Recall of Boldt, 187 Wn.2d 542, 556, 386 P.3d 1104 (2017). All doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. Espinoza v. Am. Commerce Ins. Co., 184 Wn. App. 176,

202, 336 P.3d 115 (2014) (quoting Griffin v. Draper, 32 Wn. App. 611, 616, 649 P.2d 123 (1982)). Although Chen's arguments are not persuasive, his appeal is not wholly frivolous. We deny the Bank's request for attorney fees.

We affirm the superior court's order issuing a writ of restitution.

Coburn, J.

WE CONCUR:

Chun, J.                    Andrus, A.C.J.