# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LINDA ARMSTRONG, as personal representative of the ESTATE OF ROBERT WHITE,<br><br>Respondent,<br><br>v.<br><br>NADENE SAMMANN,<br><br>Appellant,<br><br>VITRUVIAN DESIGN, LLC,<br><br>Intervenor/Respondent. | No. 86087-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — After Vitruvian Design LLC purchased Nadene Sammann's real property at a sheriff's sale, the trial court entered orders granting Vitruvian's motions to intervene in the action as well as an order that confirmed possession of the property and issued a writ of assistance to ensure delivery of the property. Sammann challenges these orders and attempts to reargue alleged errors as to orders previously affirmed on appeal. We affirm the orders entered in favor of Vitruvian and decline to revisit the challenges to orders already considered by this court.

I

Several prior cases outline the history and details of the many years of litigation between Sammann and the estate of White (Estate) that led to a sheriff's

sale of Sammann's property.  See In re Estate of Sammann, No. 81072-3-I (Wash. Ct. App. April 26, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/810723.pdf; In re Estate of Sammann, No. 83355-3-I (Wash. Ct. App. March 20, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/833553.pdf; In re Estate of Sammann, No. 84454-7-I (Wash. Ct. App. October 20, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/844547.pdf.  Recently, we rejected Sammann's challenges to the trial court's entry of default judgment against her and the resulting order of foreclosure on the deed of trust and sheriff's sale.  Sammann, No. 84454-7-I, slip op. at 1.  Sammann now attempts to unwind the sale of her property by attacking orders entered on motions from the purchaser, Vitruvian.

Vitruvian purchased Sammann's real property at the sheriff's sale on February 3, 2023.  The trial court entered an order confirming the sale, and Vitruvian notified Sammann that the redemption period for the property would expire on October 3, 2023.  As Sammann did not redeem the property, the sheriff issued a deed to Vitruvian on October 5, 2023.

After the sheriff's deed issued and recorded, Vitruvian moved to intervene in the underlying lawsuit for the purpose of confirming the right to possession of the property.  Vitruvian informed the court that Sammann refused to vacate the property and requested "an order issuing a writ of assistance directing the King County Sheriff to deliver possession of the Property to Vitruvian."  The trial court granted the motion to intervene, confirmed Vitruvian's right to possession of theproperty, and issued a writ of assistance directing the sheriff "to enter, if

2

necessary, to break and enter, and deliver possession of the property to Vitruvian and remove any occupants therefrom."

Sammann appeals.

II

Acting pro se, Sammann filed a notice of appeal of the order granting Vitruvian's motion to intervene and the order confirming possession and issuing a writ of assistance.[1]  Pro se litigants on appeal are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law.  See In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).  Sammann's brief must comply with the content requirements outlined in RAP 10.3(a).  See Hollis v. Garwall, Inc., 137 Wn.2d 683, 689 n.4, 974 P.2d 836 (1999).  "It is well settled that a party's failure to assign error to or provide argument and citation to authority in support of an assignment of error, as required under RAP 10.3, precludes appellate consideration of an alleged error."  Escude ex rel. Escude v.

---

[1] The brief of respondent was filed in this court on June 10, 2025.  That day, the court issued correspondence to the parties reflecting receipt of the brief, and noting that pursuant to RAP 10.2(d), any reply brief must be filed by July 10, 2025.  On July 11, 2025, Sammann filed a motion to extend time to file her reply brief by July 14, 2025.  Sammann did not file a reply brief by July 14, 2025. Later, the court granted her motion to extend time, entering a ruling on August 26, 2025 granting an extension for the reply brief to September 8, 2025.  Sammann did not file a reply brief by September 8, 2025.  On September 16, 2025, this court issued a setting letter setting the matter for consideration without oral argument on November 5, 2025.  On November 5, 2025, Sammann filed a motion to extend time for her reply brief and to continue the court's consideration of the appeal, including a doctor's note dated October 30, 2025, indicating that Sammann had been acutely ill, impacting her ability to focus on her legal papers.  Sammann also filed a motion to allow an overlength reply, and a reply brief.  The court grants Sammann's motions to extend time and to allow an overlength reply brief, and has considered Sammann's reply brief, but the court denies Sammann's request to continue the hearing date.

<u>King County Pub. Hosp. Dist. No. 2</u>, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003).

In her briefing to this court, Sammann fails to provide any argument pertaining to the court's decisions on intervention and confirmation. We do not consider a claim of error unsupported by legal argument in the opening brief. <u>Jackson v. Quality Loan Serv. Corp.</u>, 186 Wn. App. 838, 845, 347 P.3d 487 (2015). To the extent that Sammann argues issues related to other orders entered by the

trial court, those claims are not properly before the court in this appeal. Her challenges to the default judgment, foreclosure, sale of the property, and disbursement of the funds were appealed, and addressed to the extent possible, in <u>Sammann</u>, No. 84454-7-I, slip op. at 1. The law of the case doctrine "ordinarily precludes re-deciding the same legal issues in a subsequent appeal. 'It is also the rule that questions determined on appeal, or which might have been determined had they been presented, will not again be considered in a subsequent appeal.' " <u>Folsom v. County of Spokane</u>, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting <u>Adamson v. Traylor</u>, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)). Therefore, we will not consider Sammann's challenges to the trial court orders affirmed by this court in <u>Sammann</u>, No. 84454-7-I.

III

Although Sammann failed to comply with the rules of procedure, we take this opportunity to affirm the orders granting intervention, confirmation of

possession, and issuance of a writ of assistance in aid of finality as to Vitruvian's ownership and possession of the property.

A

A trial court's decision to allow intervention is discretionary, therefore we review that decision for abuse of discretion. In re Recall Charges Against Seattle Sch. Dist. No. 1 Dirs., 162 Wn.2d 501, 507, 173 P.3d 265 (2007). Intervention in an action is allowed as of right when, upon timely application,

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the person is so situated that the disposition of the action may as a practical matter impair or impede the person's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

CR 24(a)(2). The rule imposes four requirements for intervention of right: (1) timely application; (2) an interest which is the subject of the action; (3) the disposition will impair or impede the applicant's ability to protect the interest; and (4) the applicant's interest is not adequately represented by the existing parties. Westerman v. Cary, 125 Wn.2d 277, 303, 892 P.2d 1067 (1994). Once the moving party demonstrates a divergent interest, the court "should . . . treat[]" the movant's burden of showing inadequate representation by the existing parties "as minimal." Fritz v. Gorton, 8 Wn. App. 658, 661-62, 509 P.2d 83 (1973).

Here, Vitruvian argued to the trial court that the motion to intervene was timely as it sought relief that arose postjudgment. Additionally, Vitruvian claimed that, as purchaser of the property, it had an interest in the lawsuit that would not be protected by any existing party to the action and that the interest would be impaired without intervention. Sammann does not dispute Vitruvian's contentions.

5

Given Vitruvian's role as purchaser of the property, the trial court's decision to grant intervention was not an abuse of discretion.

B

Additionally, the trial court did not err by confirming Vitruvian's right to possession and granting a writ of assistance. When the sheriff's deed issued, legal title passed to Vitruvian and Vitruvian was entitled to possession of the property. See Mueller v. Miller, 82 Wn. App. 236, 248, 917 P.2d 604 (1996) (sheriff's deed passes legal title to the purchaser); Outland v. Starr, 152 Wash. 269, 271, 277 P. 694 (1929) ("respondents had a sheriff's deed to the real property, and that is sufficient to justify them in their action in taking possession of the same."); RCW 6.21.120. The superior court then had the authority to issue a writ of assistance "to put the purchaser in possession of the property." Sec. Sav. & Loan Ass'n v. Busch, 84 Wn.2d 52, 54, 523 P.2d 1188 (1974); see CR 70. The trial court's orders properly confirmed Vitruvian's right to possession and directed the sheriff to ensure delivery of the property.

IV

The Estate, rather than Vitruvian, responded to the appeal. The Estate seeks attorney fees pursuant to RAP 18.9(a). RAP 18.9(a) authorizes the appellate court "to order a party or counsel who files a frivolous appeal 'to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.' " Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009) (quoting RAP 18.9(a)). "An appeal is

frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

Sammann failed to provide any legal argument on issues pertaining to the motions on appeal. Her appeal presents no debatable issues and is devoid of merit. Because the appeal is frivolous, we award the Estate its reasonable costs and attorney fees on appeal subject to compliance with RAP 18.1.

Affirmed.

_Birk, J._

WE CONCUR:

_Coburn, J._          _Mann, J._