[No. 13331.  Department One.  August 16, 1916.]

MAURICE GERBER, *Respondent*, v. TRUMAN H. HEATH *et al.*,
*Appellants*, THOMAS & COMPANY, INCORPORATED,
*Intervener.*[1]

MORTGAGES—FORECLOSURE—RENTS AND PROFITS—PARTIES ENTITLED
—SUBSEQUENT PURCHASER.  Since a mortgage of realty conveys no
title, the net rents, issues and profits of mortgaged property pending
foreclosure of the mortgage, collected by a receiver appointed for
that purpose, belong to the mortgagor's successor holding the legal
title, where he purchased without assuming the mortgage; since
there is no obligation to apply income to principal or interest, after
keeping up current expenses.

Appeal from an order of the superior court for King
county, Jurey J., entered September 21, 1915, directing the
payment to a mortgagee of the rents and profits collected by
a receiver pending foreclosure proceedings.  Reversed.

*Jay C. Allen* (*Philip Tindall*, of counsel), for appellants.
*Leopold M. Stern*, for respondent.

MOUNT, J.—In November, 1912, The Frank A. Sweeney
Company, a corporation, executed to one Leonard its prom-
issory note for $10,000.  The payment of this note was se-
cured by a second mortgage upon real property located in
Seattle.  As further security for the payment of this note,
the Sweeney company executed a chattel mortgage upon the
furnishings and fixtures of a hotel which was being conducted
upon the real estate.  At the time this second mortgage was
given, Joseph E. Thomas & Company, Incorporated, was
the holder of a first mortgage upon the real estate.  After
the execution of these mortgages, the defendants Heath and
wife, by mesne conveyances, became the owners of the prop-
erty, both real and personal, subject to all the mortgages
above mentioned.  Maurice Gerber, by assignments, became

[1]Reported in 159 Pac. 691.

the owner and holder of the note and mortgages executed by
the Sweeney company to Leonard. Thereafter, in July, 1914,
when the Leonard note was past due, the holder thereof,
Maurice Gerber, brought an action to foreclose the second
mortgage upon the real estate and the first mortgage upon
the chattels. Thomas & Company was not made a party to
that action. An application was made for the appointment
of a receiver upon the ground that taxes were due and de-
linquent, and no effort was being made to pay the taxes or
interest; that Heath and wife were in possession and, if per-
mitted to collect the rents during the pendency of the action,
that the property would be utterly lost unless a receiver were
appointed.

Thereafter, on July 29, 1914, by consent, an order was
made appointing a receiver. This order recited that the re-
ceiver was authorized "to take immediate possession of said
mortgaged premises and personal property, and to rent the
same and keep the same rented, and receive the rents, issues
and profits thereof, and to hold the same subject to the order
or decree of this court, and with all the powers, duties, and
responsibilities of receivers in like cases."

At the time this order appointing the receiver was made,
Thomas & Company, the holder of the first mortgage upon
the real estate, intervened in the action. Thereafter a decree
was entered foreclosing the mortgages of the plaintiff, Gerber,
and of the intervener, Thomas & Company; but no personal
judgment was taken against Heath and wife. Afterwards
the property was sold under a decree of foreclosure, Thomas
& Company purchasing the real property for the full amount
due on the first mortgage, including the amounts due for
taxes. The plaintiff, Gerber, purchased the personal prop-
erty for $500, leaving a balance of more than $10,000 due
upon the second mortgage. After the sale which had been
had under the decree had been confirmed, the trial court,
upon application, directed the receiver to pay $142.67, be-
ing the net proceeds of rents and profits which he had col-

lected pending the litigation, to the plaintiff, Maurice Gerber.
From this order, the defendants Heath have appealed.

The only question presented upon this appeal is whether
the rents and profits collected by the receiver pending the
litigation should be paid to the mortgagee, or whether they
should be paid to the successor in interest of the mortgagor.

In *Dane v. Daniel*, 23 Wash. 379, 63 Pac. 268, in consider-
ing the interest which the mortgagee takes in mortgaged
property, we said at page 387:

"Under the statutes of this state a mortgage of real prop-
erty does not convey to the mortgagee the title to the mort-
gaged premises, either before or after condition broken. A
mortgage is a lien simply, a mere security for the payment
of money, and is satisfied and extinguished by the payment
of the money for which it is given as security at any time
before the sale of the mortgaged premises under a judgment
or decree of foreclosure. After condition broken, the statutes
confer on the mortgagee the right to have the amount due
him by reason of the broken condition determined by a judg-
ment or decree of a court, the mortgage foreclosed, and the
mortgaged property sold at public auction, and the proceeds
of the sale applied in satisfaction of the amount found due."

And in *Thornely v. Andrews*, 40 Wash. 580, 82 Pac. 899,
111 Am. St. 983, 1 L. R. A. (N. S.) 1036, we said:

"But in this state a mortgage conveys no title to real
estate. The property mortgaged is held merely as security
for the payment of the debt."

To the same effect see, *Jump v. North British etc. Ins. Co.*,
44 Wash. 596, 87 Pac. 928.

It is plain, therefore, that the property, and not its in-
come, is the security for the mortgage debt. The mortgagor
is under no obligation to apply the income of the property
to either the principal or the interest of the mortgage debt.
Should the mortgagor, or his successor in interest, fail to
keep up the current charges against the property, and per-
mit the same to depreciate or become lost, the mortgagee may
elect to foreclose his mortgage, especially if this contingency

is provided for in the mortgage. A receiver is sometimes appointed to collect the income of property and apply the same to necessary charges pending the foreclosure proceed-ings in order to protect the property. But there is no law in this state to justify the application of the income of prop-erty to any other purpose than keeping up the current ex-penses, and the profits thereof not needed for that purpose clearly belong to the holder of the legal title.

In this case the original mortgagor sold the legal title; and by mesne conveyances, at the time these foreclosure pro-ceedings were brought, it rested in Heath and wife. They were not obligated to pay the mortgage debts. They simply held the property subject to the payment of the mortgages. It seems clear to us that the net revenues from the property pending the foreclosure and up to the time of sale were the property of the holder of the legal title.

We are satisfied, for these reasons, that the trial court erred in awarding this money to the mortgagee. It should have been paid to Heath and wife, the holders of the legal title. All net profits received in rents from the property up to the time of the sale under the foreclosure were clearly the property of Heath and wife.

The judgment of the trial court is therefore reversed, and the cause remanded with instructions to the trial court to direct the receiver to pay this money to the appellants, Heath.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.