[Nos. 37168-1-I; 37444-3-I.   Division One.   August 25, 1997.]

GEORGE KEZNER, *Appellant,* v. LANDOVER CORPORATION, *Respondent.*

GEORGE KEZNER, *Appellant,* v. ROY D. HEBERLING, ET AL., *Respondents.*

*Andrew J. Gross*, for appellant.

*Susan A. Shyne, Deborah S. Berg, Jose F. Vera*, and *Tousley Brain*; and *Matthew Turetsky* and *Schwabe, Williamson & Wyatt*, for respondents.

GROSSE, J. — The former owner of a commercial build-
ing whose interest has been nonjudicially foreclosed can-
not thereafter bring an action to recover past due rent. In
this state, unpaid rent is classified as real property for
purposes of mortgages and deeds of trust. All interests in
real property subject to a mortgage or deed pass to the
purchaser at foreclosure. Accordingly, a former owner has
no interest in unpaid rent if rent was part of the security
granted in a deed of trust because any interest in unpaid
rent is part of the bundle of rights passed to the new owner
upon foreclosure.

## FACTS

After the deed of trust on George Kezner's office build-
ing was nonjudicially foreclosed, Kezner sought from two
tenants past due rent that had accrued before the foreclo-
sure date. The deed of trust Kezner had executed trans-
ferred to the trustee "property" defined as the building's
land, structures, fixtures, and, inter alia:

> [A]ll the interest of grantor in and to the right, title, and
> interest of grantor in and under all leases or rental agree-
> ments now or hereafter affecting the premises, including
> without limitation all rents, issues, and profits therefrom;
>
> . . . .
>
> TOGETHER WITH all the interest of grantor in and to (a)
> all reversions, remainders, rents, issues, and profits thereof,
> which are now due or may hereafter become due by reason of
> the renting, leasing, or bailment of property improvements
> thereon . . . .

The deed also conveyed to the trustee the property subject
to the beneficiary's power "to collect and apply such rents,
issues, and profits" to any indebtedness. The deed of trust
contained an assignment of rents:

> During the continuance of this trust, and as additional se-
> curity, grantor hereby gives to and confers upon beneficiary
> the right, power, and authority to collect the rents, . . .

reserving unto grantor the right, prior to any default by grantor . . . to collect and retain such rents . . . . Upon any default, beneficiary may at any time . . . in its own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of . . . collection . . . upon any indebtedness secured hereby . . . .

Similarly the lease assignment provided that upon default the lender had the right to collect all amounts due, or past due, under any lease and apply it toward Kezner's indebtedness. These documents were recorded.

The Landover Corporation (Landover) and Roy and Sandra Heberling (Heberling) were tenants in the building. After Kezner defaulted, the lender exercised its rights to collect rent as it became due under the assignment of leases from both Landover and Heberling. In July 1990, a receiver was appointed for the property. Neither the lender nor the receiver sought recovery of the rent that is the subject of this claim.

In January 1991, the trustee held a nonjudicial foreclosure sale. The amount calculated as due was $1,244,230. Credit was given for rent received after default. The property was sold for $1,256,103. Landover remained in the building, and the new owner negotiated a new lease.

In November 1993, Kezner served Landover with a complaint alleging that Landover owed him past due rent. This claim was based on a dispute over building improvements and the rental amount, a dispute that antedated Kezner's default. In a separate action, Kezner sued Heberling. This claim arose because Heberling had vacated the premises before the end of the lease term over a repair dispute. Heberling counterclaimed for breach of the lease agreement, breach of warranty of habitability, and constructive eviction. Again, this dispute antedated the default.

The trial court granted summary judgment in favor of Landover, dismissing Kezner's claims. Heberling moved to dismiss Kezner's complaint on collateral estoppel grounds.

In July 1995, the court granted summary judgment in favor of Heberling and awarded over $25,000 in attorney fees. Kezner's cases against Landover and Heberling are consolidated for appeal.

## DISCUSSION

Because rent was specifically mentioned as an interest of the property conveyed in the deed of trust, the trial court ruled that the interest passing to the new owner included the right to unpaid rents. The trial court relied on RCW 61.24.050 which provides any interest in the property is conveyed upon sale.[1] We agree with the trial court and hold that the common-law rule which treated an action for past due rent as personal property is derogated by the clear terms of RCW 7.28.230:

> (1) A mortgage of any interest in real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law: PROVIDED, That nothing in this section shall be construed as any limitation upon the right of the owner of real property to mortgage, pledge or assign the rents and profits thereof, nor as prohibiting the mortgagee, pledgee or assignee of such rents and profits, or any trustee under a mortgage or trust deed either contemporaneously or upon the happening of a future event of default, from entering into possession of any real property, other than farm lands or the homestead of the mortgagor or his successor in interest, for the purpose of collecting the rents and

---

[1]RCW 61.24.050 provides:

The deed of the trustee, executed to the purchaser, shall convey the interest in the property which the grantor had or had the power to convey at the time of the execution by him of the deed of trust, and such as he may have thereafter acquired. After sale, as in this chapter provided, no person shall have any right by statute or otherwise to redeem from the deed of trust or from the sale.

RCW 61.24.020 provides in part:

A deed conveying real property to a trustee in trust to secure the performance of an obligation of the grantor or another to the beneficiary may be foreclosed as in this chapter provided.

profits thereof for application in accordance with the provisions of the mortgage or trust deed or other instrument creating the lien, nor as any limitation upon the power of a court of equity to appoint a receiver to take charge of such real property and collect such rents and profits thereof for application in accordance with the terms of such mortgage, trust deed or assignment.

(2) *Until paid, the rents and profits of real property constitute real property for the purposes of mortgages, trust deeds or assignments whether or not said rents and profits have accrued.* The provisions of RCW 65.08.08.070 as now or hereafter amended shall be applicable to such rents and profits, and such rents and profits are excluded from Article 62A.9 RCW.

(3) The recording of an assignment, mortgage, or pledge of unpaid rents and profits of real property, intended as security, in accordance with RCW 65.08.070, shall immediately perfect the security interest in the assignee, mortgagee, or pledgee and shall not require any further action by the holder of the security interest to be perfected as to any subsequent purchaser, mortgagee, or assignee. Any lien created by such assignment, mortgage, or pledge shall, when recorded, be deemed specific, perfected, and choate even if recorded prior to July 23, 1989.

(Emphasis added.)

The original version of this statute was passed in 1869.[2] Before that time, a mortgage vested fee title to the property in the mortgagee and he or she was entitled to possession after default.[3] In 1869, the original version of RCW 7.28.230 changed the nature of a common-law mortgage from a conveyance to a security instrument and it expressed the new public policy that the mortgagor was to retain possession until the foreclosure sale.[4] Through this statute, Washington became a lien theory state.

After this statute was passed, the courts would not al-

---

[2]LAWS OF 1869, § 498, p. 130.

[3]*Norfor v. Busby*, 19 Wash. 450, 452, 53 P. 715 (1898).

[4]*Norfor*, 19 Wash. at 452-53. *See generally In re Park at Dash Point L.P.*, 121 B.R. 850, 852-53 (Bankr. W.D. Wash. 1990), *aff'd*, 985 F.2d 1008 (9th Cir. 1993).

low a mortgagee to collect rents before the foreclosure sale because the right to collect rent is a valuable right incident to possession of property and a mortgagee was not entitled to possession until foreclosure.[5] A 1969 amendment changed this result to allow the lender under certain circumstances to collect on an assignment of rents before foreclosure.[6]

At common law, the right of action for rent accruing before foreclosure is considered personal property.[7] Following this principle, because the rents accrued before foreclosure, a former owner could seek the past due rents in a separate action after foreclosure. RCW 7.28.230 changed this rule.

■■■ We do not construe a statute to derogate the common law "unless the Legislature has clearly expressed its intention to vary it."[8] Here the plain language of the 1969 amendments to RCW 7.28.230(2), "[u]ntil paid, the rents and profits of real property constitute real property for the purposes of mortgages, trust deeds or assignments," establishes that the Legislature changed the characterization of unpaid rent from personal property to real property with respect to trust deeds.

The fact that the statute refers to "trust deeds" rather than "deeds of trust" is of no moment. First, these instruments are essentially the same security device,[9] except that deeds of trusts have been provided for by Washington

---

[5]*Norfor*, 19 Wash. at 452-55. *See also Howard v. Edgren*, 62 Wn.2d 884, 885-86, 385 P.2d 41 (1963); *Gerber v. Heath*, 92 Wash. 519, 552, 159 P. 691 (1916).

[6]Laws of 1969, 1st Ex. Sess., ch. 122, § 1.

[7]*Ennis v. Ring*, 49 Wn.2d 284, 289, 300 P.2d 773 (1956). *See also Smith v. Smith*, 56 Haw. 295, 535 P.2d 1109, 1115-16 (1985) and cases cited therein; 3 Herbert Thorndike Tiffany, The Law of Real Property § 881, at 553-54 (3d ed. 1939).

[8]*Price v. Kitsap Transit*, 125 Wn.2d 456, 463, 886 P.2d 556 (1994).

[9]*Cf.* John A. Gose, *The Trust Deed Act in Washington*, 41 Wash. L. Rev. 94, 96 (1966) (using phrases "deed of trust" and "trust deed" interchangeably to explain deeds of trust act and defining a trust deed as a security device requiring a "three-party transaction in which the borrower (grantor) deeds the property to a trustee to a lender who holds the deed as security for the lender (bene-

statute[10] and may be enforced by nonjudicial foreclosure, whereas trust deeds were devices that existed at the common law but were foreclosed as mortgages.[11] Second, RCW 7.28.230 also refers to "mortgages, trust deeds or assignments," and under RCW 61.24.020, "a deed of trust is subject to all laws relating to mortgages on real property." Accordingly, we hold that RCW 7.28.230 applies to deeds of trust.

Relying on *In re Park at Dash Point L.P.*,[12] Kezner argues that the 1969 amendments were intended to remedy only the problem of the perfection and enforcement of mortgagees' security interests in rent against third parties before foreclosure. In support, he points out that section 3 of RCW 7.28.230, added in 1989, explicitly permits perfection of a security interest upon recording.[13] Perfection issues relate to the debtor's interest in the rents before foreclosure. But the question before us is whether the purchaser at foreclosure or the obligor holds the interest in unpaid rent after foreclosure.[14] Although portions of the statute are devoted to problems of perfection and enforcement, the broad language in the statute treating

ficiary)"); *see* RCW 61.24.020 (providing that a deed of trust under deeds of trust act is: "A deed conveying real property to a trustee in trust to secure the performance of an obligation of the grantor or another to the beneficiary [that] may be foreclosed as in this chapter provided."). *See* BLACK'S LAW DICTIONARY 414 (6th ed. 1990) ("*Deed of trust*. An instrument in use in some states, taking the place and serving the uses of a mortgage, by which the legal title to real property is placed in one or more trustees, to secure the repayment of a sum of money or the performance of other conditions. Though differing in form from mortgage, it is essentially a security."); BLACK'S LAW DICTIONARY 1513 ("*Trust deed* . . . . In some of the states, a trust deed or deed of trust is a security resembling a mortgage, being a conveyance of lands to trustees to secure the payment of a debt, with a power of sale upon default, and upon a trustee to apply the net proceeds to paying the debt and to turn over the surplus to the grantor.").

[10]LAWS OF 1965, ch. 74.

[11]Gose, 41 WASH. L. REV. at 94. *See, e.g., Straus v. Wilsonian Inv. Co.*, 177 Wash. 167, 31 P.2d 516 (1934).

[12]*In re Park at Dash Point L.P.*, 121 B.R. at 854.

[13]RCW 7.28.230(3), *amended by* LAWS OF 1989, ch. 73, § 1. *See In re Park at Dash Point L.P.*, 121 B.R. at 855 n.5 (citing Final Bill Rep., S.B. 5771, LAWS OF 1989, ch. 73, at 371).

[14]This assumes that the unpaid rent was foreclosed upon, as is the case here.

unpaid rent as real property indicates that its applicability is not limited to the question of perfection and enforcement before foreclosure.

Kezner asserts that the rents were reclassified as real property only to avoid application of Article 9 of the Uniform Commercial Code. Under Kezner's reasoning the unpaid rent is "real property" only until foreclosure, after which its classification changes back to personalty. On its face, this argument is nonsensical. Moreover, it also ignores that the statute not only provides that rents and profits are excluded from Article 9, but also applies the recording act to such rents and profits.[15] This underscores our conclusion that RCW 7.28.230 is a statute of broad application, and, accordingly, interests in rents may be foreclosed under these circumstances.

Kezner argues that, because under his deed the beneficiary has the right to collect the rents until the underlying debt is satisfied, the assignment of rent is intended only as security for the indebtedness and, therefore, any surplus over the indebtedness belongs to him. However, the deed contains two security provisions: (1) one conveying to the trustee Kezner's title and interest in any rent from the premises as well as the rents or profits that were "due or . . . hereafter [became] due by reason of the renting," and (2) another that allowed, as "additional security," the beneficiary to seek upon default the rent due or past due and apply it to the indebtedness [before foreclosure]. If the deed provided only for the second type of security, Kezner's argument would have merit. But his argument fails because it ignores the provisions that convey to the trustee right to the rents without limitation.

Rent as it becomes due is real property and may serve as security for a deed of trust.[16] A deed "conveying real property" may be foreclosed under the provisions of the

---

[15]RCW 7.28.230 (referencing RCW 65.08.070; RCW 62A.9).

[16]RCW 7.28.230(2).

deeds of trust act[17] and any interest in the property is conveyed upon sale.[18] Thus, because the deed of trust encumbered Kezner's interest in the unpaid rent, upon foreclosure unpaid rent was one of the real property interests conveyed to the purchaser.

Kezner argues that public policy does not support our result, claiming our interpretation of RCW 7.28.230 will motivate tenants to not pay rent if an owner is in default. We disagree. Kezner could have asked the receiver to bring an action for the past due rents to reduce his indebtedness. If the receiver did not pursue Kezner rights, he could have applied to the court for relief. Here Kezner sat on his rights. A purpose of the deed of trust act is to provide for efficient nonjudicial foreclosures.[19] Extinguishing the former owner's cause of action in the past due rents furthers the act's purposes of increasing efficiency and reducing litigation over stale claims.

We reject Kezner's argument that nonjudicial foreclosure on the past due rents was precluded because the property description for the trust sale did not include the past due amounts. Like the building and fixtures, the rent was mentioned in the deed of trust document. Because rent was included as a security interest in the deed of trust, specific mention of the past due amounts in the legal description was not necessary. The notice of the conditions of the trustee's sale listed the date of the deed of trust and where it was recorded. This provided sufficient notice.

In summary, Kezner has no interest in the unpaid rent once the property has been nonjudicially foreclosed. The trial courts properly dismissed his actions against both Landover and Heberling.

■ Kezner also claims that Heberling did not prevail so as to merit the award of attorney fees. His argument has

---

[17]RCW 61.24.020.

[18]RCW 61.24.050.

[19]*Cf. Meyers Way Dev. Ltd. Partnership v. University Sav. Bank*, 80 Wn. App. 655, 667, 910 P.2d 1308, *review denied*, 130 Wn.2d 1015 (1996).

468

no merit. We need not address his contention that he was not liable for the Herberlings' cross claims, because it is clear that Heberling prevailed by successfully resisting paying Kezner the money he sought. Because he substantially prevailed on the "main issue" the presence or absence of a "valid counterclaim [is] of no consequence" and the Heberlings are entitled to fees under RCW 4.84-.330.[20]

We affirm. We also grant the Heberlings' request for attorney fees on appeal.[21]

BAKER, C.J., and WEBSTER, J., concur.

Reconsideration denied October 8, 1997.

Review denied at 134 Wn.2d 1020 (1998).

---

[20]*Soper v. Clibborn*, 31 Wn. App. 767, 770, 644 P.2d 738 (1982).

[21]RAP 18.1; RCW 4.84.330. *See Reeves v. McClain*, 56 Wn. App. 301, 311, 783 P.2d 606 (1989).