[No. 57428-1-I.   Division One.   June 25, 2007.]

JIM KYLE ET AL., *Respondents*, v. DAVID WILLIAMS ET AL., *Petitioners*.

K. *Garl Long*, for petitioners.

*David L. Day* (of *Fairhaven Legal Associates, PS*), for respondents.

¶1 SCHINDLER, J. — In an action to recover the cost of automotive repairs under the Automobile Repair Act (ARA), chapter 46.71 RCW, the trial court has the discretion to award attorney fees to the prevailing party. We conclude the trial court did not err in awarding attorney fees to a customer who successfully asserted a violation of the ARA as an affirmative defense. We reverse the RALJ court and affirm the district court's decision to award attorney fees under the ARA.

## FACTS

¶2 David Williams, doing business as Dave Williams Trucking (Williams), owns a commercial trucking company. Kyle Trucking Fuel Systems (Kyle) specializes in repairing diesel engines and heavy equipment. In October 1998, Williams asked Kyle to overhaul a truck engine with approximately 600,000 miles on it. When the engine overhaul was complete, Kyle gave Williams a 100,000 mile warranty on the engine work.

¶3 After driving the truck for approximately 30,000 miles, the engine failed. Kyle arranged to tow the truck to its repair facility. Kyle did not provide Williams with an estimate of the cost to repair the engine. Nor did Kyle obtain authorization from Williams for repairs. Williams

assumed the 100,000 mile warranty would cover the majority, if not all, of the cost to repair the engine.

¶4 While working on the engine, Kyle discovered that the wrong heads were installed and a faulty "cam follower" caused the engine block to break. The cost to repair the engine was approximately $10,144. Williams paid $2,700 but took the position that the remaining amount owed was covered by the warranty.

¶5 Kyle sued Williams in Skagit County District Court to recover the amount owed for the engine work. As an affirmative defense, Williams asserted violation of the ARA barred Kyle's claim for the amount owed. Williams also asserted a counterclaim against Kyle for negligent repair and loss of use.

¶6 At the conclusion of a bench trial, the court ruled Kyle violated the ARA by not providing a written estimate or obtaining authorization for the repairs. Because Kyle did not establish that its failure to comply with the requirements of the ARA was reasonable or justified, the court concluded Kyle was barred from recovering the amount owed. The court also concluded that Williams did not prevail on its counterclaim for negligent repair and loss of use. The court determined that the reason for the failure of the cam follower was unclear and was either the result of age or the improperly installed heads coming in contact with the valves. The court awarded Williams attorney fees as the prevailing party under the ARA but limited the attorney fees award to the fees incurred in defending against Kyle's action to recover the amount owed.[1]

¶7 On Kyle's motion to reconsider the decision to award Williams attorney fees as the prevailing party under the ARA, the court explicitly reiterated that its decision was based on Williams successfully asserting violation of the ARA as an affirmative defense. "As to the ARA, which was

---

[1] The court also awarded attorney fees under the Consumer Protection Act (CPA), chapter 19.86 RCW. But on Kyle's motion for reconsideration, the court concluded Williams did not prove damages under the CPA.

asserted as a defense, they prevailed totally. Attorney fees related to other issues were not included in the award."

¶8 Kyle filed a RALJ appeal in superior court arguing that the district court erred in awarding attorney fees to Williams as a prevailing party under the ARA because "the lower court made clear and explicit findings that neither party prevailed on either of their claims." We granted Williams' motion for discretionary review to address the RALJ court decision and the attorney fee provision of the ARA, RCW 46.71.035.

## ANALYSIS

¶9 Williams contends the RALJ court erred in disregarding the district court's findings and reversing the decision to award attorney fees to Williams as the prevailing party under the ARA.

¶10 Under RALJ 9.1, we determine whether the district court committed an error of law and if substantial evidence supports the factual findings.[2] *City of Bellevue v. Jacke*, 96 Wn. App. 209, 211, 978 P.2d 1116 (1999). Because Kyle does not challenge any of the trial court's findings, they are verities on appeal. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). Our review of whether the district court committed an error of law is de novo. *Jacke*, 96 Wn. App. at 211; RALJ 9.1. Whether a statute authorizes an award of attorney fees is also a legal question that we review de novo. *Schlener v. Allstate Ins. Co.*, 121 Wn. App. 384, 388, 88 P.3d 993 (2004).

¶11 The question in this case is whether the trial court erred in awarding attorney fees to a customer who success-

---

[2] RALJ 9.1 provides:

(a) **Errors of law.** The superior court shall review the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law.

(b) **Factual determinations.** The superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction.

fully asserts as an affirmative defense that the repair facility violated the ARA. Kyle contends that as a matter of law Williams is not a prevailing party because the court dismissed Williams' counterclaim and did not award damages to either party.

¶12 Under RCW 46.71.035, failure to comply with the estimate requirements of RCW 46.71.025 bars an automotive repair facility from recovering the amount owed unless the repair facility proves that its conduct was reasonable, necessary, and justified. RCW 46.71.025 requires the repair facility to provide the customer with a written estimate of the cost of repair or to obtain oral or written authorization for the repairs.[3] If the customer establishes that the repair facility violated the ARA, the burden then shifts to the repair facility to prove it is entitled to receive or retain payment for the work performed. RCW 46.71.035; *Clark v. Luepke*, 60 Wn. App. 848, 854, 809 P.2d 752 (1991), *aff'd*, 118 Wn.2d 577, 826 P.2d 147 (1992).

¶13 RCW 46.71.035 provides that

[a]n automotive repair facility that fails to comply with the estimate requirements of RCW 46.71.025 is barred from recovering in an action to recover for automotive repairs any amount in excess of one hundred ten percent of the amount authorized

---

[3] RCW 46.71.025 provides in pertinent part:
(1) Except as provided in subsection (3) of this section, a repair facility shall provide the customer or the customer's designee with a written price estimate of the total cost of the repair, including parts and labor . . . .

. . . .

(3) A written estimate shall not be required when the customer's motor vehicle or component has been brought to an automotive repair facility's regular place of business without face-to-face contact between the customer and the repair facility. Face-to-face contact means actual in-person discussion between the customer or his or her designee and the agent or employee of the automotive repair facility authorized to intake vehicles or components. However, prior to providing parts and labor, the repair facility must obtain either the oral or written authorization of the customer or the customer's designee. The repair facility or its representative shall note on the estimate or repair order the date and time of obtaining an oral authorization, the total amount authorized, the name or identification number of the employee who obtains the authorization, and the name of the person authorizing the repairs.

by the customer, or the customer's designee, unless the repair facility proves by a preponderance of the evidence that its conduct was reasonable, necessary, and justified under the circumstances. In an action to recover for automotive repairs the prevailing party may, at the discretion of the court, recover the costs of the action and reasonable attorneys' fees.

¶14 Here, because Williams established that Kyle did not comply with the ARA by providing a written estimate or obtaining authorization for the repair work, the court ruled that Kyle had to prove its conduct was reasonable, necessary, and justified in order to obtain payment for the repair work.

6. Plaintiffs, then, have the burden of proving that their conduct was reasonable, necessary and justified under the circumstances. Was it reasonable to proceed without some express understanding of what was involved and what the costs would be? Perhaps not where the vehicle had recently been overhauled and subject to a 100,000 mile warranty. The extent of warranty coverage would certainly be a question. The question could easily be resolved by good communication, i.e., a written estimate, or at least some verbal dialogue. . . .

. . . .

8. Ordinarily, if the Defendants were seeking to avoid payment Defendants would bear the burden of showing that the repairs were inadequate and caused the subsequent failure. Here the burden shifts because of the violation of the ARA.

¶15 The court decided that Kyle did not prove by a preponderance of the evidence that its conduct was reasonable, necessary, or justified, and therefore Kyle's claim against Williams for the amount owed was barred.

7. In short, Plaintiffs have not met their burden of proof on this issue. Plaintiffs are therefore barred from recovering.

¶16 Because the cause of the engine failure was not clear, the court also decided that Williams did not meet its burden of proving its counterclaim against Kyle for negligent repair and loss of use. But because Williams successfully asserted a violation of the ARA as an affirmative defense, the court ruled that Williams was entitled to

attorney fees and costs as the prevailing party under the ARA.[4]

¶17 On reconsideration, the court reiterated that the basis for its decision to award attorneys fees to Williams as the prevailing party was because "defendants successfully asserted claims under the Automobile Repair Act. As to the ARA, which was asserted as a defense, they prevailed totally."

¶18 Under the express terms of the ARA, either the repair facility or the customer may be the prevailing party and receive an award of attorney fees. "In an action to recover for automotive repairs, the prevailing party may, at the decision of the court, recover the costs of the action and reasonable attorneys' fees." RCW 46.71.035. The legislature did not define "prevailing party" in RCW 46.71.035, and the appellate courts have not previously interpreted the attorney fees provision of the ARA.

¶19 Whether a party is a "prevailing party" is a mixed question of law and fact that we review under an error of law standard. *Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App. 697, 713, 9 P.3d 898 (2000). "As a general rule, a prevailing party is one against whom no affirmative judgment is entered." *Eagle Point*, 102 Wn. App. at 706 (citing *Andersen v. Gold Seal Vineyards, Inc.*, 81 Wn.2d 863, 868, 505 P.2d 790 (1973)). If neither party wholly prevails, the prevailing party is the one who substantially prevails, and this depends on the extent of the relief accorded the parties. *Marine Enters., Inc. v. Sec. Pac. Trading Corp.*, 50 Wn. App. 768, 772, 750 P.2d 1290 (1988).

---

[4] The court concluded that

[h]aving established a violation of the ARA and CPA, Defendants will be awarded costs and attorney fees. The court has reviewed the *Declaration of Defendants' Counsel As to Fees And Costs* and finds that the amount of time spent on this case was appropriate and reasonable. The rates charged are reasonable, there is no unwarranted or duplicative billing in the supporting paperwork submitted in support of the motion and the amount of fees requested is reasonable and appropriate in light of the issues involved, the amount in controversy, and the time and skill required.

¶20 In deciding how to interpret and apply RCW 46.71.035, identifying the purpose of the fee-shifting statute is a key consideration. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 667, 989 P.2d 1111 (2000). Because the ARA is a remedial statute, we must liberally construe its provisions. *State v. Pike*, 118 Wn.2d 585, 592, 826 P.2d 152 (1992); *Campbell v. Seattle Engine Rebuilders & Remanufacturing, Inc.*, 75 Wn. App. 89, 93, 876 P.2d 948 (1994). As a remedial statute, we give the plain language of the ARA full effect, "even where the results sometimes seem harsh to the mechanic's interests." *Pike*, 118 Wn.2d at 591.

¶21 The prevailing party fee-shifting provision to RCW 46.71.035 serves the purpose of most fee-shifting statutes, which is to punish noncompliance and encourage meritorious claims. *Brand*, 139 Wn.2d at 667; *see also Kezner v. Landover Corp.*, 87 Wn. App. 458, 468, 942 P.2d 1003 (1997) (renter was prevailing party entitled to attorney fees under RCW 4.84.030 by successfully resisting paying landlord the money he sought).

¶22 The ARA also has a strong consumer protection component. The stated intent of the ARA is to promote disclosure of the repair costs to avoid disputes and deceptive practices. The legislature describes the purpose of the statute as follows:

> [t]he automotive repair industry supports good communication between auto repair facilities and their customers. The legislature recognizes that improved communications and accurate representations between automotive repair facilities and the customers will: Increase consumer confidence; reduce the likelihood of disputes arising; clarify repair facility lien interests; and promote fair and nondeceptive practices; thereby enhancing the safety and reliability of motor vehicles serviced by auto repair facilities in the state of Washington.

RCW 46.71.005.

¶23 We reject Kyle's position that because Williams did not prevail on its counterclaim for negligent repair and loss of use, the court erred in deciding Williams was the pre-

vailing party under the ARA. The intent of the ARA and the plain language of RCW 46.71.035 support the conclusion that when a customer successfully asserts a violation of the ARA and the repair facility fails to show the repairs were authorized or its conduct was reasonable, necessary, or justified, the repair facility is barred from recovering the amount owed and the customer is the prevailing party.

¶24 Here, Williams established Kyle violated the ARA. Because Kyle did not show that its conduct was reasonable, necessary, or justified, its claim against Williams for the amount owed was barred. Because Williams successfully asserted a violation of the ARA as an affirmative defense, the district court correctly decided that Williams was entitled to attorney fees as the prevailing party under RCW 46.71.035.[5]

## CONCLUSION

¶25 We reverse the RALJ court and affirm the district court's decision to award attorney fees to Williams as the prevailing party under the ARA. Where a statute authorizes fees to the prevailing party, they are available on appeal. *Eagle Point*, 102 Wn. App. at 716. Upon compliance with RAP 18.1, Williams is entitled to reasonable attorney fees and costs on appeal.

APPELWICK, C.J., and DWYER, J., concur.

Review denied at 163 Wn.2d 1028 (2008).

---

[5] *Clark v. Luepke*, 118 Wn.2d 577, 826 P.2d 147 (1992), is consistent with the conclusion we reach. In *Clark*, despite the repair facility's violation of the ARA, because the customer authorized the repairs, the repair facility was entitled to recover the amount owed. *Clark*, 118 Wn.2d at 583. But here, unlike in *Clark*, it is undisputed that Williams did not authorize the repairs.