[No. 40865-1-II.   Division Two.   August 8, 2012.]

ARTHUR WEST, *Appellant*, v. THURSTON COUNTY, *Defendant*,
PORT OF OLYMPIA, *Respondent*.

*Stephanie MR Bird* (of *Cushman Law Offices PS*), for appellant.

*Mark A. Anderson* and *Duncan K. Fobes* (of *Patterson Buchanan Fobes Leitch & Kalzer PS*) and *Carolyn A. Lake* (of *Goodstein Law Group PLLC*), for respondent.

¶1 QUINN-BRINTNALL, J. — On November 28, 2007, Arthur West submitted a complaint in Thurston County Superior Court against a number of defendants, including Thurston County, the Port of Olympia, and the Washington Association of Cities (AWC), alleging, inter alia, Public Record Act (PRA)[1] violations, conspiracy, fraud, and "unconstitutional expenditure" of public funds. The trial court ultimately dismissed all of the complaints against Thurston County and the Port of Olympia (Port). West appeals the trial court's summary dismissal of his complaints against the Port, arguing that the trial court erred in granting the Port's unopposed motion for dismissal or summary judgment.[2] The issues West raises against the Port are frivolous. Accordingly, we affirm the trial court's summary judgment

---

[1] Ch. 42.56 RCW.

[2] Although West devoted the majority of his briefing in this appeal to issues related to his claims against Thurston County, he has apparently resolved that dispute. At oral argument, Thurston County's representative, Mark Anderson, acknowledged this and asked that we dismiss the portions of West's appeal related to Thurston County. Wash. Court of Appeals oral argument, *West v. Thurston County*, No. 40865-1-II (May 25, 2012) (on file with the court). Although Thurston County had not signed West's motion to dismiss and neither party provided this court with a copy of the settlement, we accept counsel's representation that the settlement mooted West's issues with Thurston County raised in this appeal. Accordingly, we dismiss the portion of West's appeal related to Thurston County as moot.

in the Port's favor and grant the Port's request for an award of attorney fees and costs for having to respond to a frivolous appeal. RAP 18.1(a), 18.9(a).

## FACTS

¶2 On November 28, 2007, West submitted a complaint in Thurston County Superior Court against a number of defendants, including the Port. As a summary, West alleged that

> [d]efendants, and each of them, have failed to disclose records or refused to comply with clearly established procedures for answering requests in good faith, for which they are liable and for which plaintiff is entitled to the relief requested. . . . The Port of Olympia has a regular business practice of fraudulently representing that it is in compliance with disclosure laws in relation to the East Bay Redevelopment project and the South Sound Logistics Center, for which plaintiff is entitled to the relief requested. Plaintiff also seeks relief in regard to manifestly unconstitutional and illegal expenditures by the Port . . . for which he is entitled to the relief requested.

Clerk's Papers (CP) at 5. West also argued that the Port committed fraud and negligence for which he was entitled to relief.

¶3 The Port filed dispositive motions regarding each of West's claims on April 23, 2010. The Port argued that West's PRA claims should be dismissed pursuant to CR 12 or CR 56 because West failed to allege any actual violation of the PRA by the Port; West's claim for "unconstitutional expenditure of public funds" should be dismissed because West "does not present any specific facts nor any actual justiciable controversy for the Court to decide" (CP at 1804); the negligence and fraud claims should be dismissed because West "simply does not allege any facts to support either a negligence or fraud claim against the Port" (CP at 1804); or, alternatively, CR 9(b) requires dismissal when a complaint fails to plead fraud with particularity and West failed to state a prima facie claim for negligence.

¶4 West never responded to the Port's motion for dismissal or summary judgment. On September 10, following the bench trial between West and the AWC, the trial court dismissed West's claims against the Port as part of its findings of fact and conclusions of law:

> 6.7 Judgment shall be entered for [West] consistent with this opinion, except the [complaint against the] Port of Olympia, whose prior Motion for Summary Judgment was pending and unopposed at the time of trial, is dismissed with prejudice.

CP at 102. West filed a motion to reconsider on September 20 and argued

> [t]hat the Court reconsider and vacate the order of dismissal of the Port of Olympia, since plaintiff had responded with evidence and especially since newly discovered material evidence exists that had been withheld by the Port as part of a pattern of false representation, falsification of court files and spoliation of material evidence.

CP at 1425. The Port responded to West's motion to reconsider, noting that West's motion was both procedurally and substantively defective and that no relevant "new information" existed to support reconsideration. The trial court denied West's motion for reconsideration on the grounds that the motion did not comply with CR 59 and Thurston County LCR 59. West timely appeals.

## DISCUSSION

Summary Dismissal of Claims against the Port

¶5 West argues that the trial court erred in granting the Port's unopposed motion to summarily dismiss the claims against it. Because West failed to establish any genuine issues of material fact, we hold that the trial court did not err in granting summary judgment to the Port.

¶6 We review an appeal from summary judgment de novo. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate

only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005) (citing *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990)).

¶7 Here, West is the nonmoving party. After the moving party meets its initial burden to show an absence of material fact, the inquiry shifts to the party with the burden of proof at trial, here West. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989); *see also Burton v. Twin Commander Aircraft, LLC*, 171 Wn.2d 204, 222-23, 254 P.3d 778 (2011). When that party responds to the summary judgment motion, he cannot rely on mere allegations contained in the pleadings. *Young*, 112 Wn.2d at 225-26. Instead, he must offer affidavits or other means provided in CR 56 to set forth specific facts showing that there is a genuine issue for trial. *Young*, 112 Wn.2d at 225-26.

¶8 In support of its motion for summary judgment, the Port argued that all of West's claims should be dismissed because West failed to assert any facts upon which relief could be granted and that West failed to allege actual justiciable controversies. Specifically, the Port argued that West did not allege an actual violation of the PRA; West failed to explain how the Port created a cause of action "for unconstitutional expenditure of public funds"; West failed to establish a claim for civil fraud or, in the alternative, failed to properly plead fraud as required by CR 9(b); and West failed to state a prima facie claim for negligence.

¶9 West did not oppose the Port's summary judgment motion and failed to submit any evidentiary support for his claims or allegations. Further, West failed to clarify his

claims such that the trial court was sufficiently apprised of a justiciable controversy it could rule on. Thus, even if the record before the trial court contained sufficient evidence supporting West's allegations—which it did not—the trial court still could not issue a ruling answering the merits of West's claims because West failed to present it with a justiciable controversy. *See, e.g., To-Ro Trade Shows v. Collins*, 100 Wn. App. 483, 490, 997 P.2d 960 (2000), *aff'd*, 144 Wn.2d 403, 27 P.3d 1149 (2001).

¶10 Accordingly, we hold that the trial court properly granted summary judgment to the Port.[3]

ATTORNEY FEES

¶11 The Port requests attorney fees and costs, arguing that West's appeal of the trial court's summary judgment for the Port is frivolous. Under RAP 18.1(a), a party on appeal is entitled to attorney fees if a statute authorizes the award. RAP 18.9(a) authorizes this court to award compen-

---

[3] The Port moved for summary judgment pursuant to CR 56 *and* moved for dismissal under CR 12(b)(6). In dismissing the claims against the Port, the trial court wrote, "Judgment shall be entered for [West] consistent with this opinion, except the Port of Olympia, whose prior *Motion for Summary Judgment* was pending and unopposed at the time of trial, is dismissed with prejudice." CP at 102 (emphasis added). This indicates that the trial court dismissed the claims pursuant to CR 56. West's appellate attorney acknowledged this at oral argument. Wash. Court of Appeals oral argument, *supra*, at 2 min., 40 sec.

However, even if the trial court dismissed West's claims pursuant to CR 12(b)(6), such dismissal was appropriate. A dismissal for failure to state a claim under CR 12(b)(6) is appropriate when " 'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.' " *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 120, 744 P.2d 1032, 750 P.2d 254 (1987) (quoting *Bowman v. John Doe Two*, 104 Wn.2d 181, 183, 704 P.2d 140 (1985)). And although a trial court must consider any hypothetical facts asserted by the complaining party when entertaining a motion to dismiss under CR 12(b)(6), a proffered hypothetical will only " 'defeat[ ] a CR 12(b)(6) motion if it is *legally sufficient* to support [a] plaintiff's claim.' " *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995) (emphasis added) (quoting *Halvorson v. Dahl*, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978)). Here, West failed even to assert hypothetical facts supporting his claims, let alone legally sufficient ones. Thus, the only relief possible to West would have been an advisory ruling from the trial court. West, like anyone else, is not entitled to receive advisory rulings on nonjusticiable claims. Accordingly, dismissing West's claims was appropriate pursuant to CR 12(b)(6) as West failed to state a claim *upon which relief could be granted.*

satory damages when a party files a frivolous appeal. *Kearney v. Kearney*, 95 Wn. App. 405, 417, 974 P.2d 872, *review denied*, 138 Wn.2d 1022 (1999). An appeal is frivolous if there are " 'no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility' of success." *In re Recall of Feetham*, 149 Wn.2d 860, 872, 72 P.3d 741 (2003) (internal quotation marks omitted) (quoting *Millers Cas. Ins. v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983)). West's appeal in relation to the Port is frivolous. He presented no debatable point of law and the chance for reversal was nonexistent. Accordingly, we award attorney fees to the Port.

VAN DEREN and PENOYAR, JJ., concur.

Review denied at 176 Wn.2d 1012 (2013).