IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DUKE & DUKE CONSTRUCTION, LLC, a Washington limited liability company, Appellant/Cross-Respondent, v. EDWIN H. EMERY and "JANE DOE" EMERY, individually and the marital community thereof; PATRICIA PRONESTI and "JOHN DOE" PRONESTI, individually and the marital community thereof, Respondents/Cross-Appellants. | No. 79182-6-I (Consolidated with No. 79210-5 and No. 79281-4) DIVISION ONE UNPUBLISHED OPINION |
| EDWIN H. EMERY, a single man, Third Party Plaintiff/Respondent, v. DUKE YOUNG, and "JANE DOE" YOUNG, individually and the marital community; D&D, LLC, a Washington Limited Liability Company, Third Party Defendants/Appellants. | FILED: March 16, 2020 |

CHUN, J. — While incarcerated and awaiting trial, Edwin Emery signed a purchase and sale agreement (Duke PSA) with "D&D LLC or assign" for the sale of his home. Later, after Emery attempted to rescind the Duke PSA and signed a purchase and sale agreement with Patricia Pronesti (Pronesti PSA), Duke &

Duke, Construction, LLC, sued him for breach of contract, quiet title, and specific performance, and sued Pronesti for tortious interference with contractual relations. Emery and Pronesti filed counterclaims and Emery asserted third-party claims against Duke Young and D&D.

On cross-motions for summary judgment, the trial court dismissed Duke & Duke's claims because it determined the company had materially breached the Duke PSA. The court additionally dismissed all of Emery's and Pronesti's claims due to briefing issues. The court awarded Emery attorney fees and costs pursuant to the Duke PSA.

We conclude that Duke & Duke materially breached the contract and therefore affirm the trial court's dismissal of its claims. Additionally, because neither Emery nor Pronesti responded to Duke & Duke and Young's September 7 motion for summary judgment, we affirm dismissal of their claims. Finally, we decide that the trial court did not commit an error of law by designating Emery as the prevailing party and awarding him fees and costs. However, to the extent the trial court held Young personally responsible for the award, it erred, since it did not make any findings to justify disregarding the corporate form. We remand for clarification on this issue.

## I. BACKGROUND

### A. Facts

Emery has lived in his house in Seattle, Washington (Property) since 1962. On August 21, 2017, police arrested him on criminal charges of possession of child pornography.

2

On August 27, 2017, Pat Hester, an agent of Duke & Duke, went to the King County jail to meet with Emery about the possibility of purchasing the Property. According to Hester, the following occurred: he spoke with Emery for about 25 to 30 minutes, during which he showed Emery, through a glass window, a written offer to purchase the Property for $800,000. Emery expressed a willingness to sell the Property, but requested an additional $75,000. Duke & Duke agreed to the additional sum and Emery signed the Duke PSA on September 12, 2017.

The Duke PSA lists "D&D LLC or assign" as the buyer and sets the closing date for December 1, 2017. In an addendum, the Duke PSA states, "Buyer will release $75,000.00 of earnest money to seller after the waiver of title contingency. Buyer gives escrow permission to release earnest money to seller once funds clear escrow. Earnest money to be deposited TEN days after mutual acceptance." The Duke PSA provides that "[t]ime is of the essence."

On September 13, 2017, Duke & Duke recorded the Duke PSA with the King County Recorder's Office. The same day, D&D assigned its interest in the Duke PSA to Duke & Duke. Duke & Duke failed to deposit $75,000 in escrow within ten days of mutual acceptance.

In October 2017, Pronesti visited Emery in jail. Pronesti told Emery that she had observed the Property and noticed that "it was being broken into," "[g]arbage was being thrown in the yard," and "there was quite a bit of hate crimes against the house and the property." Pronesti asked Emery if he wanted to hire her to repair and manage the Property. Pronesti offered her "services and

$350,000 in exchange for one-third interest in the Property." Emery agreed.
Pronesti then offered to find an attorney to draft documents for the transaction on
his behalf. Emery signed the undated Pronesti PSA with the agreed upon terms.

On November 6, 2017, Emery signed a Rescission Agreement rescinding
documents signed before October 30, 2017 (except the Pronesti PSA), which
included the Duke PSA. Emery additionally signed a quitclaim deed that
conveyed a one-third interest in the Property to Pronesti. The next day,
November 7, 2017, Pronesti recorded the Rescission Agreement and quitclaim
deed with the King County Recorder's Office.

On November 17, 2017 Duke & Duke deposited $25,000 in earnest
money into escrow. Duke & Duke deposited an additional $800,000 into escrow
on December 1, 2017, but Emery refused to close.

B. Procedural History

Duke & Duke sued Emery and Pronesti on December 7, 2017. Against
Emery, Duke & Duke claimed breach of contract and requested specific
performance and quiet title. As to Pronesti, Duke & Duke sought to quiet title and
claimed tortious interference with contractual relations.

On February 12, 2018, Pronesti filed counterclaims against Duke & Duke
to quiet title and for tortious interference with contractual relations. On
February 13, 2018, Emery filed counterclaims against Duke & Duke to quiet title
and claiming tortious interference with contractual relations, fraud, intentional
infliction of emotional distress (IIED), and violations of the Consumer Protection
Act (CPA). Emery also filed a third-party complaint against Young and D&D

4

claiming tortious interference with contractual relations, fraud, IIED, and CPA violations.

Duke & Duke and Young moved for summary judgment on September 7, 2018. They asked the court to determine that Emery breached the Duke PSA and to hold Pronesti liable for tortious interference with a contractual relationship. They further requested that the court dismiss Emery and Pronesti's lawsuits with prejudice. Neither Emery nor Pronesti responded.

Emery filed a cross-motion for partial summary judgment on September 10, 2018. Emery argued that he was the only party that could seek specific performance under the Duke PSA, Duke & Duke was not entitled to quiet title, and Duke & Duke breached the Duke PSA. Emery also requested attorney fees and costs.

On October 5, 2018, the court granted in part and denied in part Duke & Duke and Young's motion for summary judgment, and granted in part and denied in part Emery's cross-motion for partial summary judgment. The court agreed with Emery that only he could sue for specific performance under the Duke PSA. The court additionally determined that Duke & Duke had materially breached the Duke PSA by not depositing $75,000 in escrow within ten days of mutual acceptance. Accordingly, the court dismissed Duke & Duke's claims against Emery and Pronesti. The court further dismissed Emery's causes of action for improper briefing and Pronesti's causes of action for failure to provide briefing in response to Duke & Duke and Young's summary judgment motion. The court reserved ruling on Emery's request for attorney fees, but later granted his motion

and awarded him $19,897.03 in fees and costs.

Duke & Duke appeals the partial denial of its motion for summary judgment and, along with Young, appeals the order awarding fees and costs to Emery. Emery appeals the partial denial of his cross-motion for partial summary judgment and the court's dismissal of his counterclaims and third party claims. Pronesti appeals the dismissal of her counterclaims.

## II. ANALYSIS

We review de novo a trial court's decision on summary judgment. Woods View II, LLC v. Kitsap County, 188 Wn. App. 1, 18, 352 P.3d 807 (2015). We will affirm an order granting summary judgment only "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Woods View, 188 Wn. App. at 18. Reviewing courts conduct the same inquiry as the trial court and view all facts and their reasonable inferences in the light most favorable to the nonmoving party. Pac. NW Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 350, 144 P.3d 276 (2006).

A. Material Breach

Duke & Duke claims the trial court erred by finding it materially breached the Duke PSA because its failure to place the earnest money in escrow was not material. Emery asserts the court correctly determined Duke & Duke committed a material breach. We agree with Emery.

A party's material breach of a contract discharges the other party's duty to perform. Jacks v. Blazer, 39 Wn.2d 277, 285, 235 P.2d 187 (1951). "A material breach is one that 'substantially defeats' a primary function of an agreement."

224 Westlake, LLC v. Engstrom Prop., LLC, 169 Wn. App. 700, 724, 281 P.3d 693 (2012) (quoting Park Ave. Condo. Owners Ass'n v. Buchan Devs., LLC, 117 Wn. App. 369, 383, 71 P.3d 692 (2003)). "[W]hen an agreement makes time of the essence, fixes a termination date, and there is no conduct giving rise to estoppel or waiver, the agreement becomes legally defunct upon the stated termination date if performance is not tendered." Vacova Co. v. Farrell, 62 Wn. App. 386, 407, 814 P.2d 255 (1991). Whether a breach is material constitutes a question of fact. 224 Westlake, 169 Wn. App. at 724.

Here, the Duke PSA provides, "Time is of the essence." The addendum to the Duke PSA requires Duke & Duke to deposit $75,000 in escrow ten days after mutual acceptance. Duke & Duke contends that mutual acceptance occurred on September 12, 2017. The parties agree the Duke PSA requires Duke & Duke to deposit $75,000 in escrow by September 23, 2017.[1] Duke & Duke concedes that it failed to deposit the money in escrow by September 23, 2017, and that it did not place sufficient funds in escrow until December 1, 2017. Because the Duke PSA states that time is of the essence and sets a time for the earnest money to be in escrow, Duke & Duke's failure to deposit the money in escrow by September 23, 2017 constituted a material breach. While Duke & Duke challenges whether the delay in depositing the money was material, the agreement's "time is of the essence" language is dispositive on this issue. See Vacova, 62 Wn. App. at 407 (affirming court's grant of summary judgment based

---

[1] While September 23, 2017 was a Saturday and 11 days after mutual acceptance, the parties apparently agree that it was the deadline for Duke & Duke to deposit the money in escrow.

on material breach and rejecting party's contention that time was not of the essence where the agreement expressly said time was of the essence and fixed a termination date). Furthermore, the Duke PSA's short time period for placing the money in escrow and releasing it to Emery—i.e., ten days after mutual acceptance and ten days after Duke & Duke received preliminary commitment for title insurance—suggests the materiality of him timely receiving the money.[2]

Since Duke & Duke materially breached the contract, we determine the trial court did not err by dismissing the breach of contract claim against Emery. Similarly, because a claim for tortious interference with contractual relations requires a valid contract, we conclude the court did not err by dismissing Duke & Duke's claim against Pronesti.[3] See Elcon Constr., Inc., v. E. Wash. Univ., 174 Wn.2d 157, 168, 273 P.3d 965 (2012) (noting that a tortious interference with contractual relations claim requires the existence of a valid contractual relationship).

---

[2] Duke & Duke also contends that it did not materially breach the contract because the Duke PSA made the disbursement of earnest money contingent on Duke & Duke waiving title contingency, and that an issue of fact exists as to when this waiver occurred. Duke & Duke points to language in the addendum to the Duke PSA stating, "Buyer will release $75,000.00 of earnest money to seller after the waiver of title contingency." This language does not support Duke & Duke's claim that waiver of title contingency constituted a condition precedent to it placing the earnest money in escrow. Instead, the language indicates that the buyer will not approve the release of the earnest money from escrow to the seller until they waive title contingency or ten days after they receive the preliminary commitment for title insurance.

[3] Duke & Duke argues that the trial court erred by determining that it could not seek specific performance under the Duke PSA. Because we determine Duke & Duke materially breached the contract, we do not reach this issue. For these reasons, we also do not reach Duke & Duke's claim that the court erred by dismissing its quiet title claim.

B. Emery's and Pronesti's Claims

Emery asserts the trial court erred by dismissing his counterclaims against Duke & Duke and his third party claims against Young and D&D for improper briefing.[4] Pronesti similarly argues that the trial court erred by dismissing her claims for failure to respond to Duke & Duke's summary judgment motion. We determine that the court properly dismissed Emery's and Pronesti's claims.

"In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). When the moving party is the defendant and they make this initial showing, the burden then shifts to the plaintiff to demonstrate sufficient evidence to establish an existence of an element essential to their case. Young, 112 Wn.2d at 225. The moving party need not submit supporting affidavits. CR 56(a).

Here, Duke & Duke and Young moved to dismiss each of Emery's and Pronesti's claims. Though Emery filed a cross-motion for summary judgment after this motion, he did not indicate that he intended it to serve as a response and did not otherwise provide a response. Similarly, Pronesti did not file any response to Duke & Duke and Young's motion. Because neither Emery nor

---

[4] Emery also argues the trial court erred by declining to find that D&D could not enforce the Duke PSA and lacked the capacity to create or enforce a contract. But the court's order explains that it did not reach the issues "regarding D&D, LLC's capacity to form a contract and assign its interest, and Duke & Duke, LLC's standing to sue on the PSA" because it determined Duke & Duke materially breached the contract. Similarly, we do not consider issues on appeal that present only moot or abstract questions. In re Det. of M.K., 168 Wn. App. 621, 625, 279 P.3d 897 (2012).

Pronesti responded to the motion,[5] they did not meet their burden to establish an issue of fact to preclude summary judgment against them. See West v. Thurston County, 169 Wn. App. 862, 865-67, 282 P.3d 1150 (2012) (affirming trial court's dismissal of party's claims because, as they failed to respond to the opposing party's motion for summary judgment, they did not meet their burden to establish an issue of fact). Accordingly, the trial court did not err by dismissing Emery's and Pronesti's claims.

### C. Trial Court's Order on Attorney Fees and Costs

Appellants assert the trial court erred by awarding fees and costs to Emery and by making Young personally responsible for the award. Emery contends the court properly entered the award. We determine the court properly awarded fees and costs to Emery, but erred if it held Young personally liable.

We review a trial court's attorney fee award for an abuse of discretion. In re Recall of Piper, 184 Wn.2d 780, 786, 364 P.3d 113 (2015). A court abuses its discretion when it makes its decision for untenable reasons or bases it on untenable grounds. Piper, 184 Wn.2d at 786. Whether a party constitutes the

---

[5] We acknowledge that both Emery and Pronesti responded to the summary judgment motion that Duke & Duke and Young filed on July 13, 2018. But because Duke & Duke and Young refiled their motion for summary judgment, Emery and Pronesti needed to file additional responses to the second summary judgment motion for the court to consider them. Even if we could consider the previous responses, the court did not err by dismissing Emery and Pronesti's claims. Emery and Pronesti's actions to quiet title became moot when the court dismissed all of Duke & Duke's claims. As to Emery's other claims, his response mainly asked for a continuance and did not submit any admissible evidence to raise an issue of fact. See Desranleau v. Hyland's, Inc., 10 Wn. App. 2d 837, 842, 450 P.3d 1203 (2019) ("Only admissible evidence can be considered in reviewing a motion for summary judgment."). Though Emery makes several assertions in his response, he fails to explain how the contentions raise an issue of fact sufficient to avoid summary judgment. Similarly, Pronesti's response was not substantive because it only requested a continuance.

"prevailing party" is a mixed question of law and fact that we review under the error of law standard. Hernandez v. Edmonds Memory Care, LLC, 10 Wn. App. 2d 869, 874, 450 P.3d 622 (2019). "An error of law is an error in applying the law to the facts as pleaded and established." In re Adoption of M.J.W., 8 Wn. App. 2d 906, 915, 438 P.3d 1244 (2019) (internal quotation marks and citations omitted).

Courts may award attorney fees if a contract, statute, or recognized ground in equity authorizes it. Bowles v. Dept. of Ret. Sys., 121 Wn.2d 52, 70, 847 P.2d 440 (1993). The Duke PSA contained an attorney fees provision stating that "if Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses." In general, the prevailing party "is one against whom no affirmative judgment is entered." Kyle v. Williams, 139 Wn. App. 348, 356, 161 P.3d 1036 (2007) (internal quotations and citations omitted). "If neither party wholly prevails, the prevailing party is the one who substantially prevails, and this depends on the extent of the relief accorded the parties." Kyle, 139 Wn. App. at 356 (internal quotation marks and citations omitted).

Appellants argue the trial court erred by entering an award for Emery because he "was afforded no relief and no recovery since all his counterclaims were dismissed" and because the court erred by dismissing Duke & Duke's claims. But we determine the trial court did not err by dismissing Duke & Duke's claims. Additionally, the main dispute between the parties concerned ownership of the Property. Thus, the court did not err in its application of the law to facts

when it determined that, because Emery prevented Duke & Duke from quieting title to the Property, he substantially prevailed and therefore constituted the prevailing party below. Accordingly, we determine the trial court did not err by awarding Emery his attorney fees and costs pursuant to the Duke PSA.

Young argues that, even if we affirm the court's award, it erred by holding him personally responsible. In his motion for fees and costs, Emery argued that the court should hold Young personally liable because he purported to act through corporations that did not exist. While the court granted Emery's motion, its order does not indicate whether it awarded the fees and costs against Young personally.

If the court entered the fees against Young personally, it erred because it did so without making any findings to explain why it disregarded the corporate form. See Cornish Coll. of the Arts v. 1000 VA Ltd. P'ship, 158 Wn. App. 203, 232, 242 P.3d 1 (2010) (noting that, with regard to an attorney fee award, "[w]ithout piercing the corporate veil, the trial court cannot simply disregard the liability implications of the business structures of [the involved LLC.]"). Accordingly, we remand to the trial court to clarify against whom it entered the award and, if entered against Young, to make findings to justify disregard of the corporate form.

D. Attorney Fees on Appeal

Emery requests attorney fees on appeal pursuant to RAP 18.1 and the

attorney fees provision in the Duke PSA.[6]  While we affirm the dismissal of Duke & Duke's action, we also affirm the dismissal of Emery's five claims.  Accordingly, we determine that, as to this appeal, neither party constitutes a prevailing party and decline to award fees and costs.

Affirmed in part and remanded in part.

_____
Chun, J.

WE CONCUR:

_____                    _____
Smith, J.                                                        Mann, ACJ

---

[6] Emery and Pronesti additionally request fees pursuant to RCW 4.84.330.  That statute, however, does not apply here because the attorney fee provision in the Duke PSA was bilateral.  See Kaintz v. PLG, Inc., 147 Wn. App. 782, 786, 197 P.3d 710 (2008) ("By its terms, RCW 4.84.330 applies only to contracts with unilateral attorney fee provisions.").  Even so, because we affirm dismissal of Emery and Pronesti's claims, we determine neither Emery nor Pronesti constitute a prevailing party on appeal.